UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER MASSARO | : | |
| Plaintiff | : | Civil No.  3:03cv136 (SRU) |
| vs. | : | |
| | : | |
| ALLINGTOWN FIRE DISTRICT, ET AL | : | |
| Defendant | : | March 23, 2004 |

**OBJECTION TO MOTION FOR ENFORCEMENT**
**OF SETTLEMENT AGREEMENT**

The defendants, by their attorney, hereby object to plaintiff's Motion for

Enforcement of Settlement Agreement, dated February 18, 2004.  In support of their

objection, defendants represent as follows:

**I.      Background**

A settlement conference was held by Magistrate Judge William I. Garfinkel on

August 12, 2003, and again on September 11, 2003. The undersigned, as general counsel

for the District, appeared on behalf of the defendants, along with trial counsel Thomas

Katon, and Chairman Louis Esposito of the Allingtown Board of Fire Commissioners.

The Allingtown Board of Fire Commissioners is made up of three members, and vote by

a majority is necessary to take action on behalf of the District.  At the August 12th

conference, the parties discussed the make-up of the Commission, and the difficulties and

impracticalities associated with having all three members of the Commission present at a

conference to negotiate a settlement.  The presence of all three commissioners (or even a

quorum of two) to discuss the resolution of pending litigation would constitute a "public

meeting," subject to the provisions of the Freedom of Information Act.  The settlement

conference would in fact have to be noticed as such, and open to the public before the

commissioners could recess into executive session.  Minutes of the settlement conference would have to be kept.

At the time of the September 11th settlement conference, the parties present did negotiate a proposed settlement.  The proposed settlement, however, was subject to and conditioned upon approval by the Allingtown Board of Fire Commissioners.  Subsequent to the September 11th settlement conference, the Allingtown Board of Fire Commissioners met in executive session when two of the three commissioners indicated that they would not vote in favor of the proposed settlement.


II.    **Legal Argument.**

     *A.    There Is No Settlement Agreement To Enforce.*

At the conclusion of the September 11th settlement conference, there was no "settlement agreement."  There was simply a proposed settlement that was conditioned upon approval by the Allingtown Board of Fire Commissioners, and the plaintiff and his attorney acknowledge that a vote by the Allingtown Board of Fire Commissioners was necessary to effectuate a proposed settlement (See Plaintiff's Motion at p. 4).

"A condition precedent is a fact or event which parties intend must exist or take place before there is a right to performance . . . . A condition is distinguished from promise in that it carries no right or duty in and of itself but is merely limiting or modifying factor . . . . If condition is not fulfilled, right to enforce the contract does not come into existence." Sicaras v. City of Hartford, 44 Conn.App. 771, 779 (1997)(internal citations omitted).  While an oral agreement to settle is enforceable, as argued by the plaintiff at p. 5 of his motion, if the oral agreement is contingent upon a condition

precedent which is not fulfilled, the oral agreement is not enforceable. See, e.g.,

Ciarmella v. Reader's Digest Association, Inc., 131 F.3d 320, 322-23 (2d Cir.1997)(oral

settlement agreement unenforceable where intent was to reduce to writing).

   In the case at bar, both the plaintiff and the defendants understood that the

proposed settlement was conditioned upon affirmative vote of the Allingtown Board of

Fire Commissioners.  Chairman Esposito did not have a "change of heart" as argued by

plaintiff at p. 5 of his motion.  Rather, Chairman Esposito brought the matter before the

Allingtown Board of Fire Commissioners for approval as he indicated he would.  The

two other members of the Allingtown Board of Fire Commissioners indicated they would

not approve the proposed settlement, and the necessary majority vote was not obtained.

Accordingly, the condition intended by all of the parties - the Allingtown Board of Fire

Commissioner's affirmative vote - that was a material term of the proposed settlement,

was not satisfied.  Consequently, plaintiff does not have the right to seek enforcement of

the proposed settlement.


   **B.**   ***Chairman Esposito Did Not Have Authority (Actual Or Apparent) To Bind The Allingtown Fire District Or Its Board Of Fire Commissioners.***

   The Allingtown Fire District is a separate and distinct municipal entity - a quasi

municipal corporation which acts through its Board of Fire Commissioners. See 1939

Special Acts, No. 39-124 (attached hereto as Exhibit A). See also, Hansen v. Mohegan

Fire Company, Inc., 30 Conn.L.Rptr. 572 (2001)(attached hereto as Exhibit B)(analyzing

the application of sovereign immunity to quasi municipal corporations where the quasi

municipal corporation: (1) was created by the state or administrative arm of the

government; (2) performs a service traditionally performed by the government; and (3) is

controlled by and directly answerable to one or more public officials, public entities, or

the public itself).   All official actions taken by Allingtown Board of Fire Commissioners

are approved by affirmative majority vote.

> The officer, body or board duly authorized must act [on] behalf of the
> municipality, otherwise a valid contract cannot be created.  Generally the
> power to make contracts on behalf of the municipality rests in the council
> or governing body . . . . Generally, no officer or board, other than the
> common council, has the power to bind the municipal corporation by
> contract, unless duly empowered by statute, the charter, or authority
> conferred by the common council, where the later may so delegate its
> powers . . . .

10 E. McQuillin, Municipal Corporations (3d Ed.Rev.2002) §29.15, p. 315.

A single member of a board lacks authority to bind the whole; rather the board

must act as a corporate body. See Kenney v. Old Saybrook, 237 Conn. 135, 149-50

(1996).  "It is a well-settled rule that . . . municipal councils or boards of any kind . . . can

only act at authorized board meetings duly held . . . . The members cannot make a valid

determination binding upon the [municipality] by their assent separately and individually

expressed." Id.

Chairman Esposito did not, and does not, have the authority to bind the

Allingtown Fire District or its Board of Fire Commissioners.  Chairman Esposito did

attend the September 11, 2003, settlement conference on behalf of the Allingtown Board

of Fire Commissioners.  Chairman Esposito made it clear, however, as acknowledged by

plaintiff at page 4 of his motion, that the Allingtown Board of Fire Commissioners had to

approve the terms by a majority vote to effectuate a settlement.  Thus, the enforceability

of a proposed settlement agreement was conditioned upon the Allingtown Board of Fire

Commissioners' affirmative vote.

This is so regardless of any attempt by the plaintiff to now claim that Commissioner Esposito maintained apparent authority to otherwise bind the District to terms of a settlement without the necessary majority vote of the Commission. "The parameters of this doctrine [apparent authority] . . . are sharply circumscribed when the principal is a municipal corporation." Norwalk v. Board of Labor Relations, 206 Conn. 449, 452 (1988), *citing* 10 E. McQuillin, Municipal Corporations (3d Ed. Rev.2002) § 29.02, pp. 238-40) and Pepe v. New Britain, 203 Conn. 281, 293-94 (1987)(law firm entitled to payment for substantial services performed and municipality equitably estopped from denying liability to law firm). Although not expressly delineated in Norwalk, *supra*, the Court's citation to McQuillin and Pepe, *supra*, signals the rule that where a party seeks to bind a municipal corporation by the doctrine of apparent authority, the elements of either ratification or estoppel must be present. 10 E. McQuillin*, supra*, §29.02, p. 239, provides that "if the particular department, board, officer or agent had in fact no power to bind the municipality, there is no liability on the express contract unless it has been properly ratified by the municipality or its conduct has been such as to estop it to deny the validity of the contract."

And it can not be argued that Commissioner Esposito's "pre vote" confidence that the Commission as a whole would vote to accept the proposed terms of settlement should estop the Commission from refusing the settlement terms once presented to them and discussed for the first time at its regular meeting. "All those who contract with a municipal corporation are charged with notice of the extent of . . . the powers of municipal officers and agents with whom they contract, and hence it follows that if the. . . agent had in fact no power to bind the municipality, there is no liability on the express

contract." 10 E. McQuillin, Municipal Corporations (3d Ed.Rev.1999) § 29.02 pp. 199-

200.  "Every person who deals with a [municipal corporation] is bound to know the

extent of its authority and the limitations of its power   . . . ." <u>Fennell v. City of Hartford</u>,

238 Conn. 809, 814 (1996);  <u>John J. Brennan Construction Corporation v. Shelton</u>, 187

Conn. 695, 704 (1982); <u>Hall-Brooke Foundation, Inc. v. City of Norwalk</u>, 58 Conn.App.

340, 345 (2000).  Indeed, "[t]he rule is . . . that municipal corporations can only contract

in the mode prescribed by law, and persons dealing with them are bound to know the law

limiting the power and authority of the officials who act for the municipality."  <u>Potts v.

City of Utica</u>, 86 F.2d 616, 619 (2d Cir.1936) (Internal citations omitted).  It is a well

reasoned rule:

> Although a private agent, acting in violation of specific instructions, yet
> within the scope of his general authority, may bind his principal, the rule
> as to the effect of the like act of a public agent is otherwise, for the reason
> that it is better that an individual should occasionally suffer from the
> mistakes of public officers or agents, than to adopt a rule which, through
> improper combinations or collusion, might be turned to the detriment and
> injury of the public.  Nor does performance with the knowledge and
> approval of the agents and officers of the defendant not having power to
> bind the city in an express contract for the services amount either to
> ratification or an implied promise to pay.  The rule of strict limitation of
> power to that actually possessed by public officers and agents applies
> throughout the entire course of dealing.

<u>Id.</u> at 619.  (Internal citations and quotations omitted.)

Despite his contention to the contrary, the plaintiff is charged with the knowledge

of the limitations of Chairman Esposito's authority.  The Allingtown Board of Fire

Commissioners did not bestow upon Chairman Esposito the ability to effectuate a

settlement agreement.  Chairman Esposito's purpose was limited to attending the

settlement conference on behalf of the Allingtown Board of Fire Commissioners in an

attempt to negotiate a settlement.  This is evident from the parties' understanding that the Allingtown Board of Fire Commissioners would need to vote on a proposed settlement. Since the Allingtown Fire District can only act through its Board of Fire Commissioners, any such action must be taken by affirmative majority vote as a matter of law.  And since the power to override that procedure was not expressly given to Chairman Esposito, he was never acting with actual authority, as argued by plaintiff at p. 6 of his motion. Furthermore, since Chairman Esposito stated, and the plaintiff acknowledged, that the Allingtown Board of Fire Commissioners needed to vote to effectuate a settlement, the plaintiff cannot now argue that Chairman Esposito had apparent authority.  Regardless, there was no ratification of a settlement agreement; nor is there any basis upon which the Court can find that defendants should be equitably estopped from denying the existence of a settlement agreement.

### C.     *Chairman Esposito Did Not Have A "Change Of Heart."*

At page 6 of his motion, the plaintiff argues that Chairman Esposito had actual and apparent authority to enter into a settlement agreement at the September 11, 2003, settlement conference, and that later he had a change of heart for political reasons. (Motion, page 7).  In his motion, the plaintiff cites several cases to support his claim that Chairman Esposito had a change of heart.  Despite the lack of any factual basis for this contention (Commissioner Esposito, in fact, remained enthusiastic about the prospects of settlement along the proposed terms throughout the executive session), these cases are distinguishable.

New Horizon Financial Services, LLC v. First Financial Equities, Inc., 2003 U.S. District Lexis 14573 at *15 (D.Conn.March 26, 2003), involved a situation where both parties agreed that a settlement agreement had been reached during mediation, but the defendant believed that additional provisions were to be included. After an evidentiary hearing, including testimony of the mediator, the Court found that the additional terms proposed by the defendant were inconsistent with other provisions to which it agreed and were at variance with the mediator's notes regarding the scope of the settlement. See id. New Horizon, supra, is distinguishable from this case because: (1) the parties here are not in agreement that a settlement agreement was reached; (2) that case did not involve a situation where all parties agreed to a condition precedent - approval by the Allingtown Board of Fire Commissioners; and (3) authority was not at issue in that case.

In Pultney Arms LLC v.Shaw Industries, Inc., 2002 U.S. District Lexis 17678 at *2 (D.Conn.Sept. 6, 2002), both parties agreed that they reached a settlement agreement upon mediation. At that time, the plaintiff's attorney represented that he had obtained the non-party lender's approval. Id. Subsequently, plaintiff's attorney reported that he did not, and could not, obtain lender's approval. The Court enforced the settlement agreement of the parties, notwithstanding the absence of lender's approval, as the lender was not a party to the lawsuit. Id. Pultney Arms is distinguishable since: (1) the parties did not acknowledge that approval of a party to the lawsuit was a condition precedent to a settlement agreement; (2) both parties agreed that a settlement agreement had been reached; and (3) authority was not at issue in that case.

Johnson v. Schmitz, 237 F.Supp.2d 183 (D.Conn.2002), involved a situation where an attorney, acting with apparent authority, agreed to a settlement on behalf of his

client when, in fact, he did not have settlement authority to do so.  In <u>Johnson</u>, *supra*, the Court rejected the inference that the client had a change of heart. <u>Id</u>. at 191.  Although not directly on point because it deals with the attorney-client relationship instead of the municipal entity-public officer relationship, the <u>Johnson</u> case lends support to the defendants' position; Chairman Esposito had authority only to engage in negotiations with the plaintiff, which is distinct and materially different from the manifestation of authority to execute or agree to a specific settlement on behalf of the Allingtown Fire District.  <u>See id</u>. at 192.  <u>See also</u>  <u>Fennell v. KLB Kent Company</u>, 865 F.2d. 498 (2d.Cir.1989); <u>Makins v. District of Columbia</u>, 277 F.3d 544 (DC.Cir.2002), *certified question answered*, 838 A.2d 300 (D.C.2003).

## III.    <u>Conclusion.</u>

There is no settlement agreement to enforce.  Although Chairman Esposito participated in negotiations during a settlement conference held on September 11, 2003, he only participated in that capacity.  He expressly stated that the Allingtown Board of Fire Commissioners would need to vote to effectuate a settlement.  At no time did the Allingtown Board of Fire Commissioners confer upon Chairman Esposito the power to effectuate a settlement in this case, i.e., actual authority.  The plaintiff is not only charged with knowledge of Chairman Esposito's limited authority by operation of law, but also by his express statements reiterating the necessity of a vote.  Therefore, the plaintiff may not rely on the alleged apparent authority of Chairman Esposito as a basis to impose enforcement of a settlement agreement upon defendants.  A condition precedent to the enforcement of a settlement agreement - affirmative vote of the Allingtown Board of Fire

Commissioners as acknowledged by the parties - was not received, and therefore no

settlement agreement was formed.  For all of the foregoing reasons, plaintiff's Motion to

Enforcement of Settlement Agreement should be denied.


By:_____
             PAUL J. DORSI
             Federal Bar No. ct11864
             415 Main Street
             West Haven, CT 06516
             (203) 934-6337
             (203) 932-5967


## CERTIFICATION

        This is to certify that a copy of the foregoing was sent this date, first-class mail, postage prepaid, to:

Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Ste. 307
New Haven, CT 06510

Thomas E. Katon
Susman, Duffy & Segaloff, PC
55 Whitney Avenue, PO Box 1684
New Haven, CT 06507

Robert E. Arnold, Esq.
Law Offices of Robert E. Arnold, LLC
412 Orange Street
New Haven, CT 06511


_____            _____
Date                        Paul J. Dorsi

I:\Client A_E\Allingtown Fire District\Massaro P\obj to motion for enforcement 032204.wpd