FILED

2004 APR 14 A 10: 05

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

*********************************
| | |
|---|---|
| PETER MASSARO | * CIVIL ACTION NO. |
| | * 3:03 CV 136 (SRU) |
| PLAINTIFF | * |
| VS. | * |
| ALLINGTOWN FIRE DISTRICT, ET AL. | * APRIL 6, 2004 |
| | * |
| DEFENDANTS | * |

*********************************

### AFFIDAVIT OF LOUIS P. ESPOSITO, JR.

STATE OF CONNECTICUT   )
                                          )   ss: West Haven         6th   April , 2004
COUNTY OF NEW HAVEN  )

I, Louis P. Esposito, Jr., being duly sworn, depose and say that:

　　1. I am submitting this Affidavit in support of Defendants' Objection to Plaintiff's Motion For Enforcement of Settlement Agreement.

　　2. I am over the age of eighteen years and understand the obligation of an oath.

　　3. I am a duly elected member of the Allingtown Board of Fire Commissioners, and it is in such capacity that I have personal knowledge of the facts stated herein.

　　4. The Allingtown Fire Department acts through its Board of Fire Commissioners.

　　5. The Allingtown Board of Fire Commissioners acts by majority vote of its members.

　　6. The Allingtown Board of Fire Commissioners meets the first Tuesday of every month.

　　7. I serve as Chairman of the Allingtown Board of Fire Commissioners, and this position is for the purpose of presiding over meetings and no general or special agency or authority is conferred by the Allingtown Board of Fire Commissioners on the Chairman.

　　8. Attendance at settlement conferences in litigation matters involving the Allingtown Board of Fire Commissioners or the Allingtown Fire District is determined solely by the availability

of Allingtown Board of Fire Commission members and is not a duty associated with the position of Chairman.

9. On or around September 11, 2003, I attended a settlement conference held by Magistrate Garfinkel in the above-captioned matter.

10. Prior to my attendance at that settlement conference, I did not receive authority from the Allingtown Board of Fire Commissioners to bind it or the Allingtown Fire District to any settlement of the above-captioned matter. I participated in the settlement conference so that I could report back to the Allingtown Board of Fire Commissioners.

11. At the September 11, 2003 settlement conference, I felt confident that my recommendation to the Allingtown Board of Fire Commissioners regarding terms of a proposed settlement would be sufficient to carry a motion in favor of settlement upon the terms discussed at that settlement conference.

12. Although I may have expressed my feeling of confidence to Magistrate Garfinkel and Peter Massaro at the settlement conference, at no time did I indicate or suggest that approval of the proposed settlement was assumed or that a majority vote of Allingtown Board of Fire Commissioners would not be required to authorize and effectuate a settlement.

13. During a duly noticed regular meeting of the Allingtown Fire District held on October 7, 2003, the Allingtown Board of Fire Commissioners met in executive session with Paul J. Dorsi, Esq., to discuss pending litigation, including the above-captioned matter.

14. In the course of the executive session, I discussed possible settlement of the above-captioned matter, upon the terms proposed during the September 11, 2003 settlement conference, for the first time with the other Commissioners.

15. In the course of the executive session, it was indicated that a motion in favor of settling

the above-captioned matter upon the terms proposed at the September 11, 2003 settlement conference would not receive a second.

16. At the conclusion of the executive session, the regular meeting reconvened and a motion to adjourn the regular meeting was made. The motion to adjourn was carried, tabling any action with respect to the settlement of the above-captioned matter.

_____
Louis P. Esposito, Jr.

Subscribed and sworn to before me this 6 th day of April, 2004.

_____
Notary Public
My Commission Expires:
Commissioner of the Superior Court

3

## CERTIFICATION

     This is to certify that a copy of the foregoing was sent this date, first-class mail, postage prepaid, to:

Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Ste. 307
New Haven, CT 06510

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, PC
415 Main Street
West Haven, CT 06516

Robert E. Arnold, Esq.
Law Offices of Robert E. Arnold, LLC
412 Orange Street
New Haven, CT 06511

_____4/13/04_____          _____
Date                                               Thomas E. Katon

I:\Client A_E\Allingtown Fire District\Massaro P\affidavit - Esposito 040504.wpd