FILED

2004 APR 14  A 10: 04

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PETER MASSARO | \* | CIVIL ACTION NO. |
| | \* | 3:03 CV 136 (SRU) |
| PLAINTIFF | \* | |
| VS. | \* | |
| ALLINGTOWN FIRE DISTRICT, ET AL. | \* | APRIL 6, 2004 |
| | \* | |
| DEFENDANTS | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF CHARLES M. ANDREOLI, SR.

STATE OF CONNECTICUT   )
                       )  ss: West Haven        6th    April  , 2004
COUNTY OF NEW HAVEN    )

I, Charles M. Andreoli, Sr., being duly sworn, depose and say that:

1. I am submitting this Affidavit in support of Defendants' Objection to Plaintiff's Motion For Enforcement of Settlement Agreement.

2. I am over the age of eighteen years and understand the obligation of an oath.

3. I am a duly elected member of the Allingtown Board of Fire Commissioners, and it is in such capacity that I have personal knowledge of the facts stated herein.

4. The Allingtown Fire Department acts through its Board of Fire Commissioners.

5. The Allingtown Board of Fire Commissioners acts by majority vote of its members.

6. The Allingtown Board of Fire Commissioners meets the first Tuesday of every month.

7. Attendance at settlement conferences in litigation matters involving the Allingtown Board of Fire Commissioners or the Allingtown Fire District is determined solely by the availability of the Allingtown Board of Fire Commission members, and is not a designated duty of any particular member or of the Chairman.

8. On or around September 11, 2003, a settlement conference was held by Magistrate Garfinkel in the above-captioned matter.

9. At no time prior to that settlement conference, did the Allingtown Board of Fire Commissioners give authority to Louis P. Esposito, Jr., to bind it or the Allingtown Fire District to any settlement of the above-captioned matter. Louis P. Esposito, Jr. was to attend the settlement conference so that he could report back to the Allingtown Board of Fire Commissioners.

10. During a duly noticed regular meeting of the Allingtown Fire District held on October 7, 2003, the Allingtown Board of Fire Commissioners met in executive session with Paul J. Dorsi, Esq., to discuss pending litigation, including the above-captioned matter.

11. In the course of the executive session, a possible settlement of the above-captioned matter, upon the terms relayed by Commissioner Esposito from the September 11, 2003 settlement conference, was discussed with the other Commissioners.

12. In the course of the executive session, I indicated that I would not second a motion in favor of settling the above-captioned matter upon the terms proposed at the September 11, 2003 settlement conference.

13. At the conclusion of the executive session, the regular meeting reconvened and a motion to adjourn the regular meeting was made. The motion to adjourn was carried, tabling any action with respect to the settlement of the above-captioned matter.

_____
Charles M. Andreoli, Sr.

Subscribed and sworn to before me this 6 th day of April, 2004.

_____
Notary Public
My Commission Expires:
Commissioner of the Superior Court

2

## CERTIFICATION

This is to certify that a copy of the foregoing was sent this date, first-class mail, postage prepaid, to:

Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Ste. 307
New Haven, CT 06510

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, PC
415 Main Street
West Haven, CT 06516

Robert E. Arnold, Esq.
Law Offices of Robert E. Arnold, LLC
412 Orange Street
New Haven, CT 06511

Date 4/13/04

Thomas E. Katon

I:\Client A_E\Allingtown Fire District\Massaro P\affidavit - Andreoli 040504.wpd