**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **PETER MASSARO** : | **CASE NO.: 3:03CV136 (SRU)** |
| : | |
| **VS.** : | |
| : | |
| **ALLINGTOWN FIRE DISTRICT, ET AL.**: | **DECEMBER 1, 2004** |

## MOTION TO QUASH SUBPOENA

The, City of New Haven (hereinafter the "City") respectfully moves this Court to Quash the Subpoena served upon its Personnel Director, Tina Burgett, by the plaintiff Peter Massaro in the above referenced matter (see copy of subpoena attached hereto as Exhibit A), and requests the court to enter a Protective Order for certain portions of the subpoenaed records, disclosure of which is irrelevant to the matter at hand and would be an invasion of a former City employee's personal privacy.  In support of its motion, the City submits the following:

    1.    The defendant issued a subpoena to the Personnel Director on or about November 11, 2004.  The subpoena required the Personnel Director Records to produce and permit inspection and copying of, among other things, "[t]he entire personnel file of Elmer Henderson, former employee of the City of New Haven Fire Department…3. [a]ny and all records of what ever kind and description relating to any claim by Elmer Henderson that he was rendered

**ORAL ARGUMENT IS REQUESTED**

disabled from working in whole or in part as a result of his employment in the Fire Department of the City of New Haven; 4. [a]ny and all records of whatever kind and description relating to the cause, nature and extent of any physical disability claimed by Elmer Henderson together with any and all records of proceedings, hearings, or inquires into Elmer Henderson's eligibility for disability benefits and/or disability-related pension; and 5. [a]ny and all records of any performance evaluations and disciplinary action with respect to Elmer Henderson at any time during his employment with the City of New Haven."

2.     Pursuant to its duty under Conn. Gen. Stat. §1-214, the City duly notified Elmer Henderson, a retired employee of the New Haven Fire Department, that his personnel and medical files had been requested to be produced in accordance with the attached subpoena.

3.     The City respectfully asks that the Court quash that part of the subpoena that relates production of any of Mr. Henderson's medical records and certain other records contained in his personnel file. "[F]ederal courts have recognized the importance of protecting patient privacy in medical records". *United States v. Sutherland*, 143 F. Supp. 609, 611 (2001). Cases such as *Sutherland* follow the controlling precedent of *Whalen v. Roe*, 429 U.S. 589, 97 S. Ct 869 (1977), in which the Supreme Court held that the disclosure of medical records is an invasion of an individual's constitutionally guaranteed right to

personal privacy because prevention of dissemination of information contained therein is within an individual's "'zone of privacy'".

4. In *Doe v. SEPTA, 72 F.3d 1133 (1995)* the Third Circuit articulated factors in determining whether disclosure of personnel records constitutes an invasion of privacy. These include the type of record requested, information contained therein and the degree of need for access. Besides medical records the personnel file of Mr. Henderson contains personal financial information and other records unrelated to his position with the City or his duties as a member of the New Haven Fire Training Department. The City respectfully requests that the subpoena be quashed as to those documents, which are not only private within the meaning of federal law, but also irrelevant to the matter at hand.

5. The City has a duty of care as an employer to avoid violating a former employee's recognized privacy rights in his employment and personnel files. *Gehring v. Case Corp*., 43 F3d 340,342 (7th Cit. 1994) (finding that turning over personnel files would invade the privacy of employees).

**WHEREFORE**, the City respectfully requests that its Motion to Quash the Subpoena be granted.

                                THE CITY OF NEW HAVEN

                                By:_____
                                Michael A. Wolak, III
                                Assistant Corporation Counsel
                                City of New Haven
                                165 Church Street, 4th Floor
                                New Haven, CT 06510
                                Tel. # (203) 946-7970
                                Fax # (203) 946-7942
                                Email : mwolak@ newhavenct.net
                                Federal Bar No. ct12681

## **C E R T I F I C A T I O N**

      This is to certify that a copy of the foregoing Motion to Quash Subpoena has been hand delivered on December 1, 2004 to:

Attorney Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

And mailed to

Thomas E. Katon, Esq.
Susman, Duffy & Segaloff
P O Box 1684
New Haven, CT 06516

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven, CT 06516

                                                                   _____
                                                                   Michael A. Wolak, III