AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

—— DISTRICT OF ——

Peter Massaro

V.

Allingtown Fire District, et al.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:

3:03CV136 (SRU)

TO: Tina Burgett or her Designee
Director of Personnel, City of New Haven
165 Church St.
New Haven CT 06510

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

PLACE OF TESTIMONY | COURTROOM
| DATE AND TIME

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

PLACE OF DEPOSITION The Law Offices of Karen Lee Torre, 51 Elm St., Ste. 307, New Haven CT 06510 | DATE AND TIME 11-30-04 11:00 a.m.

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

PLACE | DATE AND TIME

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

PREMISES | DATE AND TIME

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE
Attorney for Plaintiff | 11-11-04

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Karen Lee Torre, Esq., 51 Elm St., New Haven CT 06510  (203) 865-5541

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE                          PLACE

SERVED

SERVED ON (PRINT NAME)                          MANNER OF SERVICE

SERVED BY (PRINT NAME)                          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1.  The entire personnel file of Elmer Henderson, former employee of the City of New Haven Fire Department. _

2.  Any and all records of whatever kind and description relating to the retirement of Elmer Henderson and the grant to him of any disability benefits or disability retirement benefits.

3.  Any and all records of whatever kind and description relating to any claim by Elmer Henderson that he was rendered disabled from working in whole or in part as a result of his employment in the Fire Department of the City of New Haven.

4.  Any and all records of whatever kind and description relating to the cause, nature and extent of any physical disability claimed by Elmer Henderson together with any and all records of proceedings, hearings, or inquiries into Elmer Henderson's eligibility for disability benefits and/or disability-related pension.

5.  Any and all records of any performance evaluations and disciplinary actions with respect to Elmer Henderson at any time during his employment with the City of New Haven.

6.  Any and all records indicating the rank and score achieved by Elmer Henderson on a City of New Haven Civil Service examination that he took throughout his year of employment.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER MASSARO                              :
                                           ::
V.                                         :
                                           :
ALLINGTOWN FIRE DISTRICT, et al.           CIVIL NO. 3:03CV136 (SRU)

November 11, 2004

## NOTICE OF DEPOSITION BY SUBPOENA

Thomas E. Katon, Esq.                      Morgillo & Flynn
Susman, Duffy & Segaloff, P.C.             222 Elm St.
P.O. Box 1684                              North Haven CT 06473
New Haven CT 06507

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven CT 06516

PLEASE TAKE NOTICE that, pursuant to Rule 30(b) of the Federal Rules of Civil

Procedure, the plaintiff Peter Massaro will take the deposition of Tina Burgett, Director of

Personnel or her Designee, City of New Haven, 165 Church Street, New Haven, Connecticut

06510, on November 30, 2004, at 11:00 a.m. at the Law Offices of Karen Lee Torre, 51 Elm

Street, Suite 307, New Haven, Connecticut 06510. A copy of the deposition subpoena is

attached hereto.

1

You are invited to attend and cross-examine.

THE PLAINTIFF,
PETER MASSARO

BY: _____
KAREN LEE TORRE
Fed. Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, Connecticut 06510
Tel. (203) 865-5541
Fax: (203) 865-4844

His Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first-class mail this 12th day of November , 2004, to:

Thomas E. Katon, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven CT 06507

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven CT 06516

Morgillo & Flynn
222 Elm St.
North Haven CT 06473

_____
Karen Lee Torre

2