UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER MASSARO, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:03CV00136(SRU) |
| VS. | : | |
| | : | |
| ALLINGTOWN FIRE DISTRICT, ET AL., | : | |
| Defendants | : | |
| | : | December 7, 2004 |

## MOTION TO QUASH AND OBJECTION TO INSPECTION AND COPYING OF DESIGNATED MATERIALS

Pursuant to Fed. R. Civ. P. 45(3)(A) Jerome Sagnella, Pension Administrator for the New Haven Policemen and Firemen's Pension Fund , through his undersigned counsel, hereby moves to quash a Subpoena issued by Plaintiff's counsel, Karen Lee Torre, dated December 3, 2004 and commanding Mr. Sagnella to appear at a deposition scheduled for December 8, 2004 at 4:30 p.m. Additionally, pursuant to Fed. R. Civ. P. 452(B), Mr. Sagnella objects to the inspection and copying of the materials designated in the Schedule A to such subpoena. In support of this Motion and Objection, Mr. Sagnella represents as follows:

1.    The attached Subpoena (see Tab 1) was never served upon Mr. Sagnella as required by Fed. R. Civ. P. 45(b)(1). Rather, such Subpoena was apparently left in Mr. Sagnella's office late Friday afternoon, December 3, 2004 and discovered by Mr. Sagnella on Monday, December 6, 2004. Accordingly, such Subpoena is not valid.

2.    The Schedule A attached to the Subpoena requests confidential medical information about Elmer Henderson, who is not a party to this action. Plaintiff's counsel

has not produced an authorization executed by Mr. Henderson for the disclosure of this confidential information.

3. Under Connecticut law, if Mr. Sagnella discloses Mr. Henderson's confidential medical information to Plaintiff without being ordered to do so by this Court, Mr. Sagnella, the New Haven Policemen and Firemen's Pension Board and/or the City of New Haven could face a claim by Mr. Henderson that they violated Mr. Henderson's common law right to privacy. See Goodrich v. Waterbury Republican –American, Inc., 188 Conn. 107 (1982)(recognizing right to privacy for disclosure of confidential information). See also , Fresa v. Wal-Mart Stores, Inc., CV0304828965 (Conn. Super. July 15, 2004)( denying motion to strike plaintiff's invasion of privacy count based upon disclosure of her medical records); Fallstrom v. L.K. Comstock & Company, CV990152583S (Conn. Super. Jan. 22, 2001)(denying employer's motion for summary judgment on plaintiff's invasion of privacy claim based upon disclosure of employee's urinalysis test).[1]

4. Additionally, the United States Supreme Court has recognized a limited constitutional privacy right in the nondisclosure of medical records under .Whalen v. Roe, 429 U.S. 589, 600 (1977). This Circuit has also recognized the constitutional right to confidentiality and the nondisclosure of medical information. See Doe v. City of New

---

[1] Under CONN. GEN. STAT. § 31-128f, employers are prohibited from disclosing medical records of their current and former employees without written authorization of such employees except in limited circumstances, none of which specifically refer to deposition subpoenas, although one of which is compliance with federal laws or regulations. However, § 31-128f does not apply to municipal employers. City of Hartford v. Freedom of Information Comm'n, 201 Conn. 421, 430-31 (1986). Rather, the Freedom of Information Act, CONN. GEN. STAT. § 1-21-(b) which provides that medical files are not required to be disclosed by a public agency, if the disclosure of such files would constitute an invasion of privacy, regulates the obligations of a municipal employer with respect to the disclosure of its employees' medical records. Id.

York, 15 F.3d 264, 266-67(2d. Cir. 1994)(recognizing right of confidentiality in medical records indicating HIV status and writing "[e]xtension of the right to confidentiality to personal medical information recognizes there are few matters that are quite so personal as the status of one's health, and few matters the dissemination of which one would prefer to maintain greater control over."). See also Powell v. Schriver, 175 F.3d 107, 111(2d Cir. 1999)(recognizing constitutional right to maintain the confidentiality of one's transsexualism and HIV status in the context of a suit brought under 42 U.S.C. § 1983); State v. Russo, 259 Conn. 436, 460 (2002)(finding federal constitutional right in privacy of prescription records).

5. Mr. Sagnella recognizes that Plaintiff's counsel issued a subpoena to the City of New Haven's Personnel Direct, Tina Burgett, directing her to appear at a deposition in this case and to produce among other documents certain medical records of Mr. Henderson. Mr. Sagnella understands that oral argument on Ms. Burgett's Motion to Quash was heard by this Court during a telephonic conference and that as a result of such argument, an order signed by counsel for plaintiff and counsel for Tina Burgett and the City of New Haven stipulating that Ms. Burgett would comply fully with the subpoena and that plaintiff would maintain the confidentiality of such records was entered by this Court (the "Order").

6. However, as the Order was not directed either to Mr. Sagnella or the New Haven Policemen and Firemen's Pension Board, Mr. Sagnella believes that voluntary compliance with the document request on Schedule A to the Subpoena might expose Mr. Sagnella, the New Haven Policemen and Firemen's Pension Board and/or the City of New Haven to claims by Mr. Henderson of breaches of the common law right of privacy

and the constitutional right of privacy and does not wish to disclose such records to Plaintiff in the absence of a court order directing him to do so..

WHEREFORE, Mr. Sagnella requests that this Motion to Quash be granted and that his Objection to production of documents on Schedule A be sustained.

                                                           JEROME SAGNELLA

BY: _____
     Carolyn W. Kane  ct06207
     Brenner, Salt man & Wallman LLP
     Its Attorney
     271 Whitney Avenue
     New Haven, CT  06511
     Tel (203) 772-2600

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile and mailed this 7th day of December 2004 via U.S. First Class mail, postage prepaid, to the following counsel of record:

Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT  06510

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
163 Church Street, 4th Floor
New Haven, CT  06510

Thomas E. Katon, Esq.
Susman, Duffy & Segalof
P.O. Box 1684
New Haven, CT  06516

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven, CT  06516

_____
Carolyn W. Kone (ct06207)