AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PETER MASSARO

v.

ALLINGTOWN FIRE DISTRICT, ET AL.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:03CV136 (SRU)

TO: Jerome Sagnella
~~Ms. Gwendolyn Bell,~~ Pension Administrator
City of New Haven
200 Orange Street
New Haven CT 06510

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Offices of Karen Lee Torre<br>51 Elm St., Suite 307<br>New Haven, CT 06510 | 12-8-04 @ 4:30 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | 12-3-04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Karen Lee Torre, Esq., 51 Elm St., Suite 307, New Haven, CT 06510  (203)865-5541

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

DATE      PLACE

SERVED

SERVED ON (PRINT NAME)      MANNER OF SERVICE

SERVED BY (PRINT NAME)      TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

Any and all records of whatever kind and description relating to the grant of a disability pension to Elmer Henderson including the following:

1. Any and all application submitted by Elmer Henderson requesting a disability pension.

2. Any and all supporting documents, including letters from New Haven Fire Department Officials, physicians, or other health care professionals supporting or speaking to such application.

3. Any and all records of proceedings, or records relating or referring to proceedings held by City of New Haven Officials with respect to the request/application for the grant of a disability pension, including any Minutes of Hearings/Meetings, deliberations, inquiries and decisions.

4. Any and all correspondence between City of New Haven Officials and Elmer Henderson and others regarding Henderson's application for and grant of a disability pension.

5. Any and all medical, work-related injury and other records supporting the grant of a disability pension.

6. Records showing the extent and amount of monetary and other benefits accorded to Elmer Henderson in connection with a grant to him of disability pension benefits.

7. Any records which reflect or relate to any subsequent review of Elmer Henderson's eligibility for disability pension benefits subsequent to the grant to him of such benefits.

8. Any and all policies, rules, regulations or plans which set forth the criteria and basis on which Elmer Henderson was granted a disability pension and which relate to any right of the City of New Haven to periodic review or reconsideration of Henderson's continued entitlement to such benefits.

9. Any and all other records which establish or show the nature and extend of Elmer Henderson's physical disability which is the basis for taxpayer funded disability payments to him.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER MASSARO

V.                                          CIVIL NO. 3:03CV136 (SRU)

ALLINGTOWN FIRE DISTRICT, et al.

December 3, 2004

### NOTICE OF DEPOSITION BY SUBPOENA

Thomas E. Katon, Esq.             Morgillo & Flynn
Susman, Duffy & Segaloff, P.C.    222 Elm St.
P.O. Box 1684                     North Haven CT 06473
New Haven CT 06507

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven CT 06516

PLEASE TAKE NOTICE that, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, the plaintiff Peter Massaro will take the deposition of Gwendolyn Bell, Pension Administrator, City of New Haven, 200 Orange Street, New Haven, Connecticut 06510, on Wednesday, December 8, 2004, at 4:30 p.m. at the Law Offices of Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, Connecticut 06510. A copy of the deposition subpoena is attached hereto.

1

You are invited to attend and cross-examine.

THE PLAINTIFF,
PETER MASSARO

BY: /s/ Karen Lee Torre

KAREN LEE TORRE
Fed. Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, Connecticut 06510
Tel. (203) 865-5541
Fax: (203) 865-4844

His Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first-class mail this 3rd day of December, 2004, to:

Thomas E. Katon, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven CT 06507

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven CT 06516

Morgillo & Flynn
222 Elm St.
North Haven CT 06473

/s/ Karen Lee Torre

Karen Lee Torre

2