UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

*****************************************

| | | |
|---|---|---|
| PETER MASSARO | * | CIVIL ACTION NO. |
| PLAINTIFF | * | 3:03 CV 0136 (EBB) |
| | * | |
| VS. | * | |
| | * | |
| ALLINGTOWN FIRE DISTRICT, ET AL. | * | FEBRUARY 6, 2006 |
| | * | |
| DEFENDANTS | * | |

*****************************************

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

### I.    INTRODUCTION

Pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 12(h)(3), Defendants in the above-entitled matter move to dismiss, for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, each of Plaintiff's claims under Title VII, 42 U.S.C. §§ 1981 and 1983, and the Fourteenth Amendment. In addition, Defendants move to dismiss Plaintiff's claims for punitive damages against the municipal defendants, as well as such claims against all parties under state law. As each of Plaintiff's federal law claims must be dismissed, this Court also should dismiss Plaintiff's pendent state law and constitutional claims. Under the applicable standards, each of Plaintiff's claims is improper and should never have been brought.

### II.    FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action on January 21, 2003, against the Allingtown Fire District ("Fire District"), the Allingtown Board of Fire Commissioners ("Board"), and Aaron M. Haley

("Haley") and Calvin M. DeLoatch ("DeLoatch") in their official and individual capacities. Plaintiff alleges the Fire District and its Board were Title VII employers, the Fire District employed him and Haley and DeLoatch were Board members with complete control over the affairs of the Fire District, including hiring and promotion. See Complaint, ¶¶ 3-5. Plaintiff further alleges Haley and DeLoatch acted under color of law pursuant to authority vested in them by the West Haven Charter, the rules, regulations and by-laws of the Fire District and Connecticut state law. See id., ¶ 5.

Plaintiff is Caucasian and was promoted to the rank of Lieutenant in 1992. See id., ¶ 6. In 2001, he sought appointment to the Fire Chief position, and, as he puts it, "applied for the promotion." See id., ¶¶ 7, 9. Plaintiff claims Haley and DeLoatch, who are African-Americans, were determined to appoint an African-American to the Fire Chief position regardless of credentials and despite Plaintiff's own alleged performance and qualifications. See id., ¶¶ 6-8, 10. Plaintiff asserts the application of the winning candidate, Elmer Henderson ("Henderson"), showed Henderson did not meet the requirements of the position, but that Haley and DeLoatch collaborated without the knowledge of the third Board member, John Samperi ("Samperi"), to alter the published criteria for the appointment so they could hire Henderson. See id., ¶¶ 11-15. Haley and DeLoatch also allegedly acted to discredit Samperi among community activists and to exclude him from his right to participate in the selection of the new Fire Chief by working to create disturbances at the public meetings of the Board. See id., ¶ 16. Thus, as Plaintiff alleges, on June 3, 2001, Henderson was appointed by an illegal vote of only one lawfully elected and seated Board member after

Samperi left the public meeting addressed to that purpose. See id., ¶¶ 17, 21.

As a result, Plaintiff claims discrimination and related constitutional violations against each defendant under Title VII, 42 U.S.C. §§ 1981 and 1983, the Fourteenth Amendment of the U.S. Constitution, the Constitution of the State of Connecticut, and state law. See Complaint, ¶¶ 1, 19-21. Even viewing the allegations in the light most favorable to him, however, Plaintiff's claims must fail for lack of subject matter jurisdiction and failure to state a claim.

## III.    STANDARDS OF LAW

A court is duty-bound to address the issue of subject matter jurisdiction whenever it is raised. See Fed.R.Civ.P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); Moodie v. Federal Reserve Bank, 58 F.3d 879, 882 (2d Cir. 1995). When subject matter jurisdiction is lacking, dismissal is mandatory. See United States v. Griffin, 303 U.S. 226, 229, 58 S.Ct. 601, 82 L.Ed. 764 (1938). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When deciding such a motion, the material factual allegations of the complaint are accepted as true, but argumentative inferences in favor of the party asserting jurisdiction should not be drawn. Atlantic Mut. Ins. Co. v. Balfour Maclaine Intern, Ltd., 968 F.2d 196, 198 (2d Cir. 1992). Moreover, the party asserting jurisdiction bears the burden of establishing it exists by a preponderance of the evidence. See Shenandoah v. Halbritter, 366 F.3d 89, 91 (2d Cir.), cert. denied, 125 S.Ct. 1824, 161 L.Ed.2d 723 (2005). In

resolving such a motion, the court may refer to evidence outside the pleadings. See Makarova, supra, 201 F.3d at 113. As such, the standard used in evaluating a 12(b)(1) motion is akin to that employed for Rule 56 motions for summary judgment. See Kamen v. American Telephone & Telegraph Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

Under Rule 12(b)(6), dismissal of a claim will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Goord, 320 F.3d 346, 350 (2d Cir. 2003); Padavan v. United States, 82 F.3d 23, 26 (2d Cir. 1996). "In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert. denied, 513 U.S. 836, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994). Of course, "a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), quoting Fed.R.Civ.P. 8(a)(2). Still, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. Under Rule 12(b)(6), the party moving for dismissal has the burden of proving that no claim has been stated. See Ragin v. New York Times Co., 923 F.2d 995, 999 (2d Cir.), cert. denied, 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991).

## IV.    LEGAL ARGUMENT

### A.  TITLE VII CLAIMS

Each of Plaintiff's Title VII claims is baseless and should be dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

### 1. Claims Against Defendants Haley And DeLoatch In Their Individual Capacities

Plaintiff charges Defendants Haley and DeLoatch in their individual capacities with Title VII violations.[1] Title VII, however, does not provide a cause of action against agents or employees of an allegedly discriminatory employer in their individual capacities. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313-1317 (2d Cir. 1995), abrogated on other grounds, Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) (holding "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"); see also Allen v. St. Cabrini Nursing Home, Inc., 2001 WL 286788, *5 (S.D.N.Y. 2001) (McMahon, J.) (claim dismissed because even if defendant was principal rather than agent "no cause of action could lie against him as an individual under Title VII"), aff'd, 64 Fed. Appx. 836 (2d Cir. 2003), cert. denied, 540 U.S. 1154, 124 S.Ct. 1158, 157 L.Ed.2d 1051 (2004).  Accordingly, Plaintiff's

---

[1] While the complaint is not a model of clarity in regard to whether Plaintiff pursues his action against Haley and DeLoatch in both their individual and official capacities, Plaintiff seeks punitive damages against each defendant in his prayer for relief. See Complaint. Thus, along with being sued in their official capacities, it is assumed that Plaintiff has also sued Haley and DeLoatch in their individual capacities. See, e.g., Simpson v. New York State Dept. Of Civil Service, 2005 WL 545349, *9 (N.D.N.Y. 2005) (McCurn, J.) (as complaint could be read to include individual capacity Title VII claims, court granted summary judgment for defendants and dismissed all such claims).

Title VII claims against Haley and DeLoatch in their individual capacities must be dismissed for lack of subject matter jurisdiction and failure to state a claim. See, e.g., Hamid v. John Jay College Of Criminal Justice, 2000 WL 666344, *3 (S.D.N.Y. 2000) (Knapp, J.) (dismissing individual capacity claims with prejudice under Rules 12(b)(1) and 12(b)(6)); McBride v. Routh, 51 F.Supp.2d 153, 156 (D.Conn. 1999) (Goettel, J.) (noting individual capacity claims were dismissed previously and citing similar cases); see also Simpson v. New York State Dept. Of Civil Service, 2005 WL 545349, *9 (N.D.N.Y. 2005) (McCurn, J.), aff'd, 2006 WL 93011 (2d Cir. 2006), (as complaint could be read to include individual capacity Title VII claims, court granted summary judgment for defendants and dismissed all such claims); Bembry v. Darrow, 97 F.Supp.2d 281, 285 (N.D.N.Y. 2000) (Munson, J.) (granting summary judgment for defendants on individual capacity Title VII claims), aff'd, 7 Fed. Appx. 33 (2nd Cir. 2001); Shepard v. Frontier Communications Services, Inc., 92 F.Supp.2d 279, 287 (S.D.N.Y. 2000) (Conner, J.) (granting summary judgment for defendant on individual capacity Title VII claim); Smith v. New York City Board Of Education, 2000 WL 64873, *3 (S.D.N.Y. 2000) (Stanton, J.) (same); Nikovic v. Regnis Corp., 1997 WL 401823, *2 (S.D.N.Y. 1997) (Baer, J.) (granting summary judgment and dismissing individual capacity Title VII claim against supervisor for lack of subject matter jurisdiction because statute does not provide for such cause of action against employer's agent or employee).

### 2. Claims Against Defendants Haley And DeLoatch In Their Official Capacities

Plaintiff also charges Defendants Haley and DeLoatch with Title VII violations in their official capacities. While the Second Circuit has not ruled definitively on this issue, see Guzman v.

Round Hill Country Club, Inc., 2003 WL 23212750, *1 (D.Conn. 2003) (Chatigny, J.), the

overwhelming trend in this circuit is to disallow Title VII claims against an employer's agents in

their official capacity.  Courts so holding reason that a plaintiff's claim for Title VII discrimination

is against his employer alone because  "Tomka and the language of Title VII compel a holding that

only employer-entities have liability under Title VII."  McBride, supra, 51 F.Supp.2d at 157

(recognizing trend, citing numerous cases disallowing such claims, and dismissing official capacity

claim under Rule 12(b)(6)).  Thus, the disallowance of official capacity Title VII claims has been

manifest in our case law for more than a decade.  See, e.g., Simpson, supra, 2005 WL 545349 at *9

(adopting Circuit-wide trend and granting summary judgment for individual defendants in their

official capacity); Guzman, supra, 2003 WL 23212750 at *1 & n.4 (dismissing claims against

individual defendants for failure to state a claim because, as actual employer was party, no need to

treat suit as action against individual defendants in their official capacity, although complaint

unclear in regard to what capacity such defendants were sued); Smith, supra, 2000 WL 64873 at *4

(summary judgment granted sua sponte against official capacity claims); Ngwu v. The Salvation

Army, 1999 WL 2873, *2 (S.D.N.Y. 1999) (Batts, J.) (dismissing individual and official capacity

Title VII claims against Director and supervisor of Salvation Army); Crockett v. Pataki, 1998 WL

614134, *4 (S.D.N.Y. 1998) (Preska, J.) (recognizing weight of authority in this circuit and

dismissing official capacity claims against Governor and acting commissioner for failure to state a

claim); Bonner v. Guccione, 916 F.Supp. 271, 279 (S.D.N.Y. 1996) (Cote, J.) (granting summary

judgment upon and dismissing official capacity claims as there is no evidence of Congressional

7

intent to support a private right of action against a supervisory employee in his official capacity).

In line with the majority of courts in this circuit, this Court should dismiss the Title VII claims against Haley and DeLoatch in their official capacities for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Such a disposition also comports with Plaintiff's complaint, which alleges only that the Fire District and the Board are employers under Title VII and that the Fire District employed Plaintiff. See Complaint, ¶ 3 & 5; see also Gyadu v. Workers' Compensation Commission, 930 F.Supp. 738, 746 (D.Conn.) (Goettel, J.), aff'd, 129 F.3d 113 (2d Cir. 1997), cert. denied, 525 U.S. 814, 119 S.Ct. 49, 142 L.Ed.2d 38 (1998) (plaintiff failed to state a claim under Title VII where, inter alia, defendants were not alleged to be his employer). Moreover, as shown in the next section, Plaintiff's Title VII claims against the Fire District and the Board must be dismissed; therefore, it would be logically indefensible to continue such claims against the commissioners in their official capacities.

### 3. Claims Against The Fire District And The Board

Plaintiff seeks impermissibly to maintain a Title VII action against the Fire District, the Board and its officials in their official capacities because the Fire Chief position sought by Plaintiff is at the highest levels of policy-making in the Fire District, which, along with the Board, is a political subdivision of the State of Connecticut. As such, the position falls under Title VII's employee exemption clause, 42 U.S.C. 2000e(f), which exempts certain positions from its definition of "employee." Thus, these Title VII claims also should be eliminated.

In pertinent part, the term "employee," as defined under 42 U.S.C. § 2000e(f), "means an

individual employed by an employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption . . . shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision."

There is no question that the Fire District and its Board constitute a political subdivision of the State of Connecticut and its duly elected public officials, respectively. See General Statutes § 28-1(12) ("political subdivision" means "any city, town, municipality, borough or other unit of local government"); General Statutes § 7-195 ("unit of local government" means "a town or political subdivision thereof" and "political subdivision" means "a city, borough or district within a town"); General Statutes § 7-324 (continuing all districts established by legislature prior to May 29, 1957, and defining "district" to include any fire district wholly within a town and having the power to make appropriations or to levy taxes); 1939 Conn. Spec. Acts 39-124 (regarding taxing and other powers and duties of the Fire District and establishing procedure to elect its three-member Board) (Exhibit 1 attached hereto). There is also no question under the law that Defendants Haley and DeLoatch, along with the third member of the Board, John Samperi, were each duly elected members of the Board at all relevant times. See Complaint, ¶ 4 (Haley and DeLoatch alleged to be members of the Board at all relevant times);

Thus, the question becomes whether the position of Fire Chief is an appointed position on

the policy making level and/or an immediate adviser to the Board. According to a report by the House and Senate Conference Committee, the purpose of subsection (f) of 42 U.S.C. 2000e is "to exempt . . . persons appointed by . . . elected officials as advisors or to policy making positions at the highest levels of the departments or agencies of state or local governments such as cabinet officers, and persons with comparable responsibilities at the local level. . . ." Heap v. County of Schenectady, 214 F.Supp.2d 263, 268 (N.D.N.Y. 2002) (Hurd, J.); See also Day v. Johnson, 119 F.3d 650, 655 (8th Cir.), cert. denied, 522 U.S. 1055, 118 S.Ct. 707, 139 L.Ed.2d 649 (1998) (reversing finding of pretext and recognizing that because elected county sheriff could appoint high level county jail officials, such positions were exempt from Title VII claims); Ramirez v. San Mateo County District Attorney's Office, 639 F.2d 509, 513 (9th Cir. 1981) (affirming judgment against plaintiff, who was not hired as deputy district attorney for county, because he had no Title VII claim where position sought fell within employee exemption clause). To consider a position to be at the policy making level, the position must require appointment by an elected official and require that the appointee work closely with the appointing authority. See Butler v. New York State Dept. Of Law, 211 F.3d 739, 747 (2d Cir. 2000). Although the exemption must be applied narrowly, in determining whether a position qualifies for exemption, the court "should look at the attributes of the position, not the actual performance of the job." Id. at 749.

   Applying these principles, an examination of the Fire Chief position sought by Plaintiff here requires that his Title VII claims be dismissed for lack of subject matter jurisdiction. The Rules and Regulations of the Allingtown Fire District (hereinafter "District Rules"; Exhibit 2 attached hereto)

demonstrate that the elected Board fills the position of Fire Chief via appointment. See District Rules at Art. 1, § 1 (Board has power over "all original appointments") & Art. 2, § 1 (Fire District shall consist of Fire Chief and others as prescribed by the Board). Moreover, the Fire Chief position is clearly not in the classified service. See id. at Art. 2, § 2 ("[a]ll members of the Department below the rank of Fire Chief . . . are in classified service"); see also Connecticut General Statutes § 5-198 (g) & (s). Finally, the holder of the position clearly sets policy and is expected to work closely with the Board for that purpose. See District Rules at p. 1, Paid Personnel section (amendments to rules made by official order of the Chief or Board), & Art 2, § 2 (Fire Chief, with Board's approval, makes rules and regulations concerning operation of the department and conduct of all officers and employees). Consequently, the attributes of the position exempt it from Title VII claims as the Fire Chief position is both on the level of policy making and constitutes an advisory position to the Board.

## B. CLAIMS UNDER 42 U.S.C. § 1981

This Court also should dismiss Plaintiff's § 1981 claims for lack of subject matter jurisdiction and the failure to state a claim upon which relief may be granted. Plaintiff alleges "[t]the defendants' act of depriving the plaintiff a promotion, despite his qualifications for the same, based upon plaintiff's race, further violated the plaintiff's rights under 42 U.S.C. § 1981 . . . ." See

Complaint, ¶ 20.[2]  Section 1983 provides the exclusive remedy for violation of the rights guaranteed in § 1981 by municipal actors.  See Jett v. Dallas Independent School District, 491 U.S. 701, 733, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989); Johnson v. New York City Health & Hospitals Corp., 2000 WL 1059700, *3 n.5 (S.D.N.Y. 2000) (Buchwald, J.); see also Bond v. City Of Middletown, 389 F.Supp.2d 319, 327-28 (D.Conn. 2005) (Squatrito, J.) (granting summary judgment to municipal defendant on § 1981 claims because Congress has not shown a desire to alter the ruling in Jett).  Accordingly, the Plaintiff's § 1981 claims should be dismissed.

## C. CLAIMS UNDER 42 U.S.C. § 1983

Plaintiff's § 1983 claims should also be dismissed in that (1) the claims against Haley and DeLoatch in their individual capacities are improper given that they could only act within the parameters and powers of the Board as a whole, and; (2) the claims against the Fire District, the Board and the officials in their official capacities are based impermissibly on theories of respondeat superior and fail to allege a municipal policy or custom.

### 1. Claims Against Haley And DeLoatch In Their Individual Capacities

Although individual capacity claims against Haley and DeLoatch under § 1983 are permissible as a general proposition; see Hafer v. Melo, 502 U.S. 21, 31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); they must be dismissed under the facts alleged.

---

[2] Although Plaintiff claims specific violations of § 1981 and certain constitutional rights in the Complaint, Plaintiff fails to relate these alleged violations to the provisions of § 1983.  Plaintiff's only mention of § 1983 is a general reference to the statute in ¶ 1 of the Complaint.

In this case, as in all cases involving a board generally, no single board member had independent authority to employ or decline to employ Plaintiff. "A single member of a board lacks authority to bind the whole; rather the board must act as a corporate body." See Keeney v. Town of Old Saybrook, 237 Conn. 135, 149-50, 676 A.2d 795 (1996), rev'd in part on other grounds, 239 Conn. 786, 686 A.2d 991 (1997). The rules and regulations of the Fire District confirm that only the Board as a whole can act to appoint the Fire Chief. See Ex. 2, District Rules at Art. 1, § 1 (Board has power over "all original appointments") & Art. 2, § 1 (Fire District shall consist of Fire Chief and others as prescribed by the Board). Here, all official actions of the Board were undertaken by affirmative majority vote.

Thus, unlike the facts of Hafer, in which one person held independent authority to make employment decisions; see Hafer, supra, 502 U.S. at 24; Haley and DeLoatch possessed no such independent authority. As a result, because neither Haley nor DeLoatch could act alone or outside the confines of the Board's procedures, "it is difficult to fathom how they can be held liable" in their individual capacities. DeWald v. Amsterdam Housing Authority, 823 F.Supp. 94, 102-104 (N.D.N.Y. 1993) (McCurn, J.) (in Title VII case, where no evidence that any individual board member could act concerning high level officer and where it was board, and not its members acting individually, who are vested with broad power to conduct corporate activities, court found it logically indefensible to hold individually-named defendants liable for employment decision and granted summary judgment to defendants); see also Nassau County Employee "L" v. County Of Nassau, 345 F.Supp.2d 293, 304-305 (E.D.N.Y. 2004) (Feuerstein, J.) (intracorporate conspiracy

doctrine precludes § 1983 conspiracy claim against officers, agents or employees of municipal corporation because they are legally incapable of conspiring together).   Accordingly, the Court should dismiss these claims.

### 2. Claims Against The Fire District, Board And Officials In Their Official Capacities

Because the claims against the Fire District, the Board and the officials in their official capacities are based impermissibly on theories of respondeat superior and fail to allege or show a municipal policy or custom that caused his injury, they also must be dismissed.

It has long been held that "a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Department Of Social Services Of The City Of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); see Sorlucco v. New York City Police Dept., 971 F.2d 864, 870 (2d Cir. 1992).   Yet, this is precisely the theory promulgated by Plaintiff.   Plaintiff alleges first that it was Haley and DeLoatch who "were acting under color of law, to wit: pursuant to the authority vested in them by the Charter of the City of West Haven Connecticut, the rules, regulations and by-laws of the Allingtown Fire District, and the laws and regulations of the State of Connecticut."[3]   Complaint, ¶ 4.   Plaintiff then alleges Haley and DeLoatch "were determined to appoint an African-American, to the position of Fire Chief."   Complaint, ¶ 10.   To further this

---

[3] Contrary to Plaintiff's assertions in ¶¶ 4 and 21 of his Complaint, the Charter of the City of West Haven, Connecticut, has no effect on the Fire District or any powers of the Board or its members. See West Haven Charter, Chapter XIII, Part B, § 1 ("This Charter shall in no way affect . . . the Allingtown Taxation District . . . . These fire districts shall continue to function in their entirety in accordance with the provisions of the Special Acts pertaining thereto") (relevant portions of a certified copy of the Charter are attached as Exhibit 3 hereto).

supposed desire, Haley and DeLoatch are alleged to have collaborated to alter the criteria for appointment so as to hire Henderson by changing the advertisement published in regard to the position. Complaint, ¶ 13. Haley and DeLoatch then allegedly engaged in "numerous acts of misconduct and subterfuge in order to flout state and federal laws banning race discrimination in employment." Complaint, ¶ 15. They allegedly collaborated with leaders of the African-American communities in West Haven and New Haven to discredit Commissioner Samperi and exclude him from the process of selecting a fire chief. Complaint, ¶ 16. Moreover, Plaintiff asserts Haley and DeLoatch orchestrated the attendance of a large number of Henderson's supporters at the Board's meeting who, with Haley and DeLoatch, acted to disrupt the Board's proceedings. Id. Finally, Plaintiff contends that Haley and DeLoatch conducted an illegal vote on June 3, 2001, when Samperi "was briefly out of the room," to appoint Henderson to the position of Fire Chief. Complaint, ¶¶ 17, 21. Thus, Plaintiff attributes all of the allegedly impermissible acts to Haley and DeLoatch personally and not to the Board or the Fire District. Consequently, Plaintiff seeks to impose liability impermissibly upon the Fire District and the Board purely on the basis of a respondeat superior theory for the alleged, isolated acts of Haley and DeLoatch.

This conclusion is buttressed by the fact that there is no allegation in the Complaint of a policy or custom of the Fire District or the Board or that Plaintiff's alleged injury resulted from such a policy. See Monell, supra, 436 U.S. at 694; Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) ("to hold city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the

plaintiff to be subjected to (3) a denial of a constitutional right").[4]  As such, this court should dismiss the § 1983 claims against the Fire District, the Board and the commissioners in their official capacities for lack of subject matter jurisdiction and failure to state a claim.

## D. FOURTEENTH AMENDMENT CLAIMS

While Plaintiff fails to tie his Fourteenth Amendment claims specifically to § 1983, such claims are normally enforced under that section.  See Hafer, supra, 502 U.S. at 28.  Although all of Plaintiff's § 1983 claims should be dismissed, a separate analysis of Plaintiffs' equal protection and due process claims demonstrates their shortcomings.  Plaintiff claims both equal protection and due process violations under the Fourteenth Amendment to the United States Constitution.[5]  As shown below, however, these claims should be dismissed for lack of subject matter jurisdiction and failure to state a claim even if any of Plaintiff's other § 1983 claims survive.[6]

---

[4] This same analysis provides an alternate ground for dismissing Plaintiff's § 1981 claims.  See Kendricks v. Erie County Medical Center, 2005 WL 3059086, *6 (W.D.N.Y. 2005) (Scott, J.) (granting summary judgment to defendant on § 1981 claim where plaintiff failed to establish that defendant's acts were pursuant to any municipal policy or custom).

[5] Plaintiff also alleges his rights to equal protection and due process were violated under the Constitution of the State of Connecticut.  See Complaint, ¶¶ 20-21.  Plaintiff fails to designate any section of the state constitution, however, under which such rights are found.  As such, he fails to state a claim and these claims must be dismissed.  See, e.g., D.F. ex rel. Finkle v. Board Of Education Of Syosset Central School District, 386 F.Supp.2d 119, 129 (E.D.N.Y. 2005) (Platt, J); Erwin-Smith v. K-Mart Corp., 1997 WL 159288, *5 (N.D.N.Y. 1997) (Pooler, J.).

[6] As it has been shown that Plaintiff's claims against Haley and DeLoatch in their individual capacities are improper, the analysis here focuses on Plaintiff's claims against the Fire District, the Board and the commissioners in their official capacities.

### 1. Equal Protection Claim

Plaintiff asserts first that "defendants' acts of depriving the plaintiff a promotion, despite his qualifications for the same, based upon plaintiff's race" violated his right to equal protection of the laws under the Fourteenth Amendment. The Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Supreme Court has held that the Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." City Of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Thus, "[a] plaintiff claiming a violation of his equal protection rights can proceed according to several theories: A plaintiff could point to a law or policy that 'expressly classifies persons on the basis of race'. . . . Or , a plaintiff could identify a facially neutral law or policy that has been applied in an intentionally discriminatory manner. . . . A plaintiff could also allege that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus." (Citations omitted.) Bond, supra, 389 F.Supp.2d at 333. Without more, however, Plaintiff "cannot prevail solely by showing that he was treated differently than others." Id. at 334. As Plaintiff has neither alleged a municipal policy nor pursued any of the above theories in his Complaint, his equal protection claim fails.

### 2. Due Process Claim

Plaintiff also contends he was deprived of due process of law in that Haley and DeLoatch conducted an illegal vote on June 3, 2001, when Samperi "was briefly out of the room," to appoint Henderson to the position of Fire Chief. Complaint, ¶ 17. This alleged illegal vote is the basis for

his claim that his right to due process of law under the Fourteenth Amendment was violated. <u>See</u> Complaint, ¶ 21. The only property interest alleged by Plaintiff is his "right to consideration of his application for promotion by a duly elected and constituted board of fire commissioners." <u>Id.</u>

The Fourteenth Amendment prohibits the state from depriving a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. To establish a violation of either substantive or procedural due process, Plaintiff must initially show he was deprived of a constitutionally protected property interest. <u>See</u> <u>Gagliardi v. East Hartford Housing Authority</u>, 2005 WL 2177078, *6 (D.Conn. 2005) (Burns, J.). "If a claimant does not establish a constitutionally protected interest, the due process analysis ceases because no process is constitutionally due for the deprivation of an interest that is not of constitutional magnitude." "It is well established that the Due Process Clause does not itself create the property interests that it protects." <u>McMenemy v. City Of Rochester</u>, 241 F.3d 279, 286 (2d Cir. 2001). "Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that supports claims of entitlement to those benefits." <u>Board Of Regents v. Roth</u>, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Thus, to have a protected property interest, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." <u>Id.</u> Plaintiff has neither alleged nor made such a showing.

As Plaintiff neglects to cite any specific rule, regulation, provision, contract or other basis supporting his claim, he fails to cite any independent source for his alleged property interest.

Because the position of Fire Chief was not a classified service position, Plaintiff was not seeking an appointment or promotion that would be covered by specific rules governing the classified service. See Exh. 2, District Rules, Art. II, § 2 (Fire Chief position not within the classified service). More importantly, Connecticut state law decisions have held that claims such as the Plaintiff's do not encompass constitutionally protected property interests. See Hunt v. Prior, 236 Conn. 421, 439, 673 A.2d 514 (1996) (police officer's claim for lost opportunity to seek promotion to deputy chief failed to establish legitimate claim of entitlement because "neither the hope for professional advancement nor a unilateral anticipation of possible job-related perquisites gives rise to a constitutionally protected property interest"); Broadnax v. City Of New Haven, 2000 WL 728524, *8 (Conn. Super. 2000) (Levin, J.) (firefighters' due process claims could not succeed because they alleged nothing beyond current employment that suggested legitimate claim of entitlement to promotion). As such, Plaintiff's due process claim must be dismissed.

### E. PUNITIVE DAMAGES

Plaintiff's claims for punitive damages against the Fire District, the Board, and Haley and DeLoatch in their official capacities are improper in every respect. Moreover, Plaintiff is not entitled to punitive damages against any party to this action in relation to Plaintiff's state law claims. Accordingly, these claims for punitive damages must be dismissed.

It has long been settled that municipal bodies generally may not be subjected to punitive damages unless expressly authorized by statute. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 261 n.21, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Accordingly, "punitive damages are

unavailable against municipalities in actions under Title VII and §§ 1981 and 1983." Johnson v. New York City Health And Hospitals Corp., 2000 WL 1059700, *3 (S.D.N.Y. 2000) (Buchwald, J.) (citing cases and granting summary judgment against all claims for punitive damages under Title VII and §§ 1981 and 1983 against public benefit corporation); see also 42 U.S.C. § 1981a(b)(1) (punitive damages not available under Title VII against government, government agency or political subdivision); Lipsman v. New York City Human Resources Administration, 1995 WL 25914, *2 (S.D.N.Y. 1995) (Stanton, J.) (holding § 1981 and Title VII plaintiffs cannot recover punitive damages from government defendants); Newport, supra, 435 U.S. at 271 (municipalities are immune from punitive damages under § 1983); Ciraolo v. City Of New York, 216 F.3d 236, 242 (2d Cir.), cert. denied, 531 U.S. 993, 121 S.Ct. 484, 148 L.Ed.2d 457 (2000) (reversing award of punitive damages against city in § 1983 action).

Moreover, because suits against officials in their official capacities are merely another way of suing a municipality; see Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); punitive damages cannot be awarded against officials sued in their official capacities. See Ivani Contracting Corp. v. City Of New York, 103 F.3d 257, 262 (2d Cir.), cert. denied, 520 U.S. 1211, 117 S.Ct. 1695, 137 L.Ed.2d 821 (1997) (affirming summary judgment dismissing punitive damages against city and officials sued in their official capacities); Ware v. City Of Buffalo, 186 F.Supp.2d 324, 330 (W.D.N.Y. 2001) (Curtin, J.) (punitive damages claims dismissed against municipality and its officials in their official capacities in § 1983 action); Haynes v. Rajala, 2003 WL 352969, *4 (Conn. Super. 2003) (Beach, J.) (court refused to award punitive damages against

municipality and its officials in their official capacities in constitutional due process case).

In addition, punitive damages are not available against any of the parties in relation to the state law claims because the Connecticut Fair Employment Act does not expressly authorize the recovery of such damages.  See Peckinpaugh v. Post-Newsweek Stations Connecticut, Inc., 1999 WL 334838, *4  (D.Conn. 1999) (Covello, J.) (CFEPA statute does not allow recovery of punitive damages); Craine v. Trinity College, 1999 WL 1315017, *11 (Conn. Super. 1999) (Peck, J.), rev'd in part on other grounds, 259 Conn. 625, 791 A.2d 518 (2002) (General Statutes § 46a-104, concerning relief in civil action for discriminatory practice based on CFEPA statute, contains no specific authorization for punitive damages such that court rejected plaintiff's claim of entitlement to punitive damages under state law); see also Haynes, supra, 2003 WL 352969 at *4 (court refuses to award punitive damages against municipality and its officials in their official capacities in constitutional due process case).  As such, these claims must be dismissed.

## F.  PENDENT STATE LAW AND CONSTITUTIONAL CLAIMS

Because each of Plaintiff's federal law claims must be dismissed, this Court should dismiss the pendent state law and constitutional claims in this action for lack of subject matter jurisdiction. See 28 U.S.C. 1367(c)(3); Travelers Ins. Co. v. Keeling, 996 F.2d 1485, 1490 (2d Cir. 1993).

Even if some federal claims persist, however, the Connecticut Supreme Court has made it clear that individual defendants cannot be held liable for discrimination under General Statutes § 46a-60 (a) (1).  See Perodeau v. City Of Hartford, 259 Conn. 729, 734-44, 792 A.2d 752 (2002). Thus, at the least, the state law claims against Haley and DeLoatch individually should be dismissed

for lack of subject matter jurisdiction and the failure to state a claim. Moreover, as Plaintiff has failed to allege the violation of any specific section of the Constitution of the State of Connecticut, this claim should also be dismissed for failure to state a claim. See, e.g., D.F. ex rel. Finkle v. Board Of Education Of Syosset Central School District, 386 F.Supp.2d 119, 129 (E.D.N.Y. 2005) (Platt, J); Erwin-Smith v. K-Mart Corp., 1997 WL 159288, *5 (N.D.N.Y. 1997) (Pooler, J.).

## V.    CONCLUSION

For the foregoing reasons, this Court should dismiss each of Plaintiff's claims for lack of subject matter jurisdiction and/or failure to state a claim upon which relief may be granted.

THE DEFENDANTS

Jennifer L. Schancupp
Federal Bar no. ct 11876
SUSMAN, DUFFY & SEGALOFF, P.C.
55 WHITNEY AVENUE
P.O. BOX 1684
NEW HAVEN, CT 06507
(203) 624-9830

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date, postage prepaid to the following:

Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510
  (and sent via fax to 865-4844)

Paul J. Dorsi, Esq.
Donahue, Votto and DeGennaro PC
415 Main Street
West Haven, CT 06516

_____
Jennifer L. Schancupp

I: Client A-B Allingtown Fire District Massaro P Pleadings Motion.To.Dismiss.January.2006.doc

23