UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER MASSARO              :
                           :
V.                         :
                           :      CIVIL NO. 3:03CV136 (EBB)
ALLINGTOWN FIRE DISTRICT, et al.

March 27, 2006

**PLAINTIFF'S MOTION FOR ORDER OF PAYMENT OF ATTORNEY'S FEES**

Pursuant to 28 U.S.C. §1927, the plaintiff, Peter Massaro, through his undersigned counsel, hereby moves this court for an order requiring defense counsel to reimburse Mr. Massaro for all attorney fees he incurred in connection with his opposition to defendants' February 6, 2006 Motion to Dismiss in this case. An order to pay fees is called for since the Motion to Dismiss not only lacks substantive merit but was filed more than three years after the commencement of this action, without notice, and on the eve of trial as the parties were proceeding to jury selection. Defense counsel's conduct and surprise tactic served to scuttle the trial proceedings and render her opponent's time spent in connection with the Joint Trial Memorandum and in preparation for trial a complete waste.

**I. BACKGROUND**

This action commenced on January 21, 2003. Defendants filed an answer on July 8, 2003. Initially assigned to the Hon. Stefan R. Underhill, this case was later transferred to the

docket of this court which issued an order back in November 21, 2005 setting this matter down for jury trial to commence on February 15, 2005 with jury selection. On February 6, 2006, as the parties were in the midst of preparing for filing their Joint Trial Memorandum, and as plaintiff and his counsel were preparing for jury selection and trial, defendants threw a monkey wrench into the proceedings by filing a Motion to Dismiss challenging the subject matter jurisdiction of this court, a motion which defendants could have, but never did, file throughout the over three years this case has been pending. Defense counsel gave no notice to the court or plaintiff's counsel of their intent to scuttle the trial proceeding by such a motion even though the parties were in the midst of preparing the Joint Trial Memorandum only one week before the start of trial. All of plaintiff's counsel's time spent in preparation for jury selection and trial and that of her client was thus wasted. For the reasons set forth in Plaintiff's Objection and Memorandum of Law in Opposition to Defendant's Motion to Dismiss, filed herewith, the motion to dismiss is only meritless but frivolous and clearly interposed for purposes of stalling and delay.

      Apart from its lack of substantive merit, the timing of defendants' motion lends easily to the conclusion that it had a dilatory and obstructive purpose. Prior to defendants' filing of the motion to dismiss, the case was marked by other unseemly conduct by defendants, notably their breach of a settlement agreement reached after protracted negotiations overseen by the Hon. William I. Garfinkel, whose extensive time invested in the process was wasted by defendants'

unconscionable decision to renege on the agreement after defendants' authorized representative at the settlement conferences shook hands with the Magistrate Judge and plaintiff's counsel, assuring that the agreement was a "done deal". As the record shows, plaintiff, who is being represented on an hourly rate basis by counsel, had no choice but to abandon a wholly meritorious motion to enforce the agreement as the cost of enforcement proceedings would consume the economic value of the settlement. (See Dkt. # 23.)

Since the action was commenced on January 21, 2003 one may fairly assume that if defense counsel had any confusion about the causes of action asserted (or the particular defendants against whom each cause was asserted) they had various options at hand early on: 1) a simple telephone call to plaintiffs' counsel which would have resulted in any clarification which defendants needed; 2) a Rule 12 (e) Motion for a More Definite Statement (in the unlikely event that a simple conference with plaintiffs' counsel failed to address the questions); 3) a request for a status conference with the court to address any such concerns; 4) a timely motion for summary judgment; or, 5) a more seasonably filed motion to dismiss at any point during the pendency of this action which did not serve to scuttle a scheduled trial and inconvenience the plaintiff, his counsel, witnesses, the court and court staff.

II. <u>ARGUMENT</u>

    A.    **SANCTIONS ARE WARRANTED BECAUSE THE TIMING AND CIRCUMSTANCES OF THE MOTION TO DISMISS CLEARLY EVINCE A DILATORY PURPOSE**.

28 U.S.C. § 1927 reads in relevant part:

> Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

An award of sanctions under §1927 is proper "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay". <u>Keller v. Mobil Corp.</u>, 55 F.3d 94, 99 (2nd Cir. 1995). Although imposition of sanctions under §1927 requires a "clear showing of bad faith" of the sort "necessary to invoke the court's inherent power", <u>Oliveri v. Thompson</u>, 803 F.2d 1265, 1273 (2nd Cir. 1986), such a finding may be based on the conduct of an attorney involving frivolous arguments or the pursuit of frivolous motions. <u>Dow Chemical Pacific, Ltd. v. Rascator Maritime SA</u>, 782 F.2d 329, 345 (2nd Cir. 1986); <u>Browning Debenture Holders' Comm. v. DASA Corp.</u>, 560 F.2d 1078, 1088 (2nd Cir. 1977). Likewise, as is the case here, conduct which is found to be "intentionally dilatory" is also subject to sanction. <u>Nemeroff v. Abelson</u>, 620 F.2d 339, 350 (2nd Cir. 1980).

The fact that the court's jurisdiction can be raised at any time does not provide a blanket excuse or "cover" for counsel's conduct. "While objections to subject-matter jurisdiction are

4

never waived, frivolous objections are never welcome." ACLI Gov't. Securities, Inc. v. Rhoades, 907 F.Supp 66, 71 (SDNY 1995).  In Thomas America Corp. v. Fitzgerald, 175 F.R.D. 462 (SDNY 1987), a remarkably similar case, the District Court imposed sanctions on an attorney who filed a motion to dismiss for lack of subject matter jurisdiction on the eve of trial.  While acknowledging that subject matter jurisdiction may be raised at any time, the court noted that the motion was brought to its attention long after the pleadings had closed, indeed after dispositive motions had been filed, and on the eve of trial.  This, together with the fact that the motion was unsuccessful for lack of legal merit was sufficient evidence in the court's view that the motion was designed for the purposes of delay.  Id. at 466.  Given the timing and circumstances of the motion together with its lack of merit, it is clear that counsel's jurisdictional challenge "is at best a transparent attempt to cause further delay".  Id.

Defendants' motion, as it relates to the Title VII claims and the Fourteenth Amendment equal protection claim is wholly frivolous. Defendants' motion and arguments in respect to plaintiff's equal protection claim were particularly offensive as they were not only patently frivolous but based on the absurd claim that plaintiff pleaded no facts in the complaint sufficient to establish the court's jurisdiction See, e.g., Cadillac v. Cadillac 58 F.R.D. 534, 535 (E.D.N.Y 1973) (defendant engaged in frivolous motion practices as they ignored pertinent factual allegations of the complaint).  Defendants' various other claims appear to have been manufactured for the purpose of putting a legitimate gloss on an otherwise improper pleading

5

designed to scuttle the trial     It must be noted that the motion and memorandum of law were not prepared in a day but had no doubt been in the works for many days if not weeks. The memorandum of law is lengthy and sets forth many citations to authority in various argument sections. And while the authority cited does not support a grant of the motion, defense counsel's memorandum of lawf nonetheless shows that she had this motion in mind and had spent considerable time preparing it. Defense counsel also prepared and submitted exhibits appended to the moving papers in connection with which a letter of authentication had to be secured by counsel. See Defendants' Exhibit 2. The moving papers were filed on the eve of trial while counsel were  in the midst of preparation of the Joint Trial Memorandum and otherwise preparing for trial. That defense counsel at no time alerted her opponent or the court of her intent to file such a motion (despite the fact that she had been working on for some time) is itself telling.

In consequence of counsel's conduct, Peter Massaro, who is on an hourly-rate fee basis with the undersigned counsel, has been put to great inconvenience and substantial expense in connection with his opposition to defendants' motion. Defense counsel, and not Mr. Massaro, should therefore be made to bear the cost of this proceeding.

> **B. AN ORDER REQUIRING DEFENSE COUNSEL TO REIMBURSE MASSARO FOR HIS COSTS IS ALSO CALLED FOR IN THE EXERCISE OF THE COURT'S INHERENT POWER.**

"The Court of Appeals for the Second Circuit has provided clear guidance on the inherent

6

power of federal courts [and] 'it is settled law that a court may impose attorney's fees under its inherent power as a penalty for misconduct during the course of litigation.'" ACLI Gov't. Securities, Inc. v. Rhoads, 907 F.Supp. 66, 68 (S.D. N.Y. 1995) quoting Milltex Industries Corp. v. Jacquard Lace Company, Ltd., 55 F.3d 34, 37-38 (2nd Cir. 1995).  As the District Court in ACLI Gov't. Securities noted, sanctions are appropriate where the attorneys' actions are "entirely without color" and motivated by "improper purposes," such as delay.  Id. at p. 68 (discussing cases establishing the inherent power of District Courts to assess attorneys' fees against counsel). In ACLI Gov't. Securities, the District Court imposed sanctions pursuant to both 28 U.S.C. §1927 and the court's "inherent power." Id. at 71-72.  On the same bases, this court should order defense counsel to compensate Mr. Massaro and, to the extent the District Court incurred any cost in connection with the cancellation of the jury selection, defense counsel ought properly to be held responsible for that cost and inconvenience as well.

    RESPECTFULLY SUBMITTED,

    THE PLAINTIFF,
    PETER MASSARO


BY:_____
   KAREN LEE TORRE
   Fed. Bar No. ct01707
   Law Offices of Karen Lee Torre
   51 Elm Street, Suite 307
   New Haven, Connecticut 06510
   Tel. (203) 865-5541

Fax: (203) 865-4844

His Attorney

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent via first-class mail this 13th day of March 27, 2006, to:

Thomas E. Katon, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven CT 06507


Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven CT 06516

                                            _____
                                            Karen Lee Torre