UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
(NEW HAVEN)

```
*************************************
PETER MASSARO                    *    CIVIL ACTION NO.
                     PLAINTIFF   *    3:03CV00136 (EBB)
                                 *
VS.                              *
ALLINGTOWN FIRE DISTRICT, ET AL  *    APRIL 20, 2006
                                 *
                   DEFENDANTS    *
*************************************
```

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR ORDER OF PAYMENT OF ATTORNEY'S FEES

## INTRODUCTION

The Plaintiff, a Caucasian firefighter, complains of racial discrimination stemming from the fact that he was not hired for the position of Fire Chief of the Allingtown Fire District in June, 2001. The named defendants are the Allingtown Fire District, the Allingtown Board of Fire Commissioners, Aaron M. Haley and Calvin DeLoatch. Haley and DeLoatch served on the Board of Fire Commissioners at the time of the alleged discriminatory action. Although the Plaintiff's complaint is far from clear, it appears to claim that the Plaintiff is entitled to relief pursuant to Title VII, 42 U.S.C. § 1981 and 1983, the Fourteenth Amendment of the United States Constitution, the Constitution of the State of Connecticut and Conn. Gen. Stat. § 46a-60(a)(a) et seq. *See Complaint, ¶¶ 1, 19-21.*

Plaintiff's Complaint was filed on January 21, 2003. In his Memorandum of Law in Opposition to the Defendant's Motion to Dismiss, the Plaintiff states for the first time that he is abandoning many of the claims alleged and acknowledges that no claims are being pursued against the individual defendants (thus, begging the question of why the Plaintiff did not, at some earlier

date, either amend his complaint or withdraw as to the individual defendants). Specifically, the Plaintiff has abandoned all claims against the individual defendants in either their individual or official capacities, the due process claim and all state law claims. _See Pls. Opp. to Motion to Dismiss at pp. 18-19._ In addition, the Plaintiff abandons his § 1981 claims and claims arising under the Connecticut Constitution or Connecticut General Statutes by failing to address them. See e.g., Douglas v. Victor Capital Group, 21 F. Supp. 2d 379, 393 (S.D.N.Y. 1998). In light of the Plaintiff's concessions, the only remaining claims are the Plaintiff's Title VII claims against the Fire District and the equal protection claim against the Fire District and the Board of Fire Commissioners.

Trial on this matter was scheduled to commence on February 15, 2006. On February 6, 2006, the Defendants filed a Motion to Dismiss based on Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). With respect to the Plaintiff's claims still being pursued, this motion challenges the Court's subject matter jurisdiction over the Plaintiff's Title VII claims on the basis that the Plaintiff is not an "employee" as defined in 42 U.S.C. 2000e(f). This motion also challenges the sufficiency of the Plaintiff's equal protection claims on the grounds that the Plaintiff has not alleged a policy or custom of discrimination.

In response to the Defendant's Motion to Dismiss, the Plaintiff has filed a Motion for Order of Payment of Attorney's Fees seeking the recovery of his attorney's fees pursuant to 28 U.S.C. § 1927 and the inherent power of this Court. Plaintiff contends that the order for payment of fees is warranted because the Motion to Dismiss lacks substantive merit and was filed in bad faith. The Plaintiff claims that the Defendants' counsel's bad faith is apparent based on the timing of the Motion to Dismiss.

The Plaintiff's Motion for Fees should be denied. The claims raised in the Motion to

2

Dismiss are not "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose"   Revson v. Cinque & Cinque, P.C., 221 F. 3d 71, 79 (2000)(internal citations omitted).  Indeed, absent the self- serving speculation of Plaintiff's counsel, there is no support whatsoever for the claim that defense counsel has acted improperly.   Plaintiff's counsel speculates that bad faith is proven by the timing of the motion.  However, insofar as the motion challenges the Court's subject matter jurisdiction over the Plaintiff's Title VII claims and challenges the sufficiency of the equal protection claims, it was appropriately filed and the timing of the motion does not establish bad faith. See Fed. R. Civ. P. 12(h)(2)(sanctioning filing of pleading claiming lack of subject matter jurisdiction at any time) and Fed. R. Civ. P. 12(h)(3)(sanctioning filing of pleading claiming failure to state a claim upon which relief can be granted up to the time of judgment).

## ARGUMENT

### The Motion to Dismiss Was Filed in Good Faith; Thus, An Award of Attorney's Fees is Not Warranted Pursuant to 28 U.S.C. § 1927 or this Court's Inherent Power.

28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. An award of sanctions under this section is "highly unusual," see West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079, 1092 (2d Cir.1971), and requires a finding of bad faith. See Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir.2000).  The bad faith standard has been interpreted restrictively in the Second Circuit.  "'To ensure ... that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have

3

declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of the lower courts.'" Eisemann v. Greene, 204 F.3d 393, 395 -396 (2d Cir. 2000)(quoting Dow Chem. Pacific Ltd. v. Rascator Maritime S.A., 782 F. 2d 329, 344 (2d Cir. 1986); see also Mathias v. Jacobs, 167 F. Supp. 2d 606, 623 (S.D.N.Y. 2001)(observing that "the bad faith standard is not easily satisfied" in the Second Circuit.).

A district court's inherent power to sanction derives from the fact that courts are "vested, by their very creation, with power to impose silence, respect, and decorum in their presence , and submission to their lawful mandates." Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F. 3d 323, 336 (2d Cir. 1999)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. CT. 2123, 115 L.Ed. 2d 27 (1991)). As with sanctions imposed pursuant to 28 U.S.C. § 1927, in order to impose sanctions pursuant to its inherent power and addressed to an attorney's manner of conducting the litigation[1], a district court must find that (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith. Id. (internal citations omitted). "Thus, in practice, "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is ... that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." Id. (quoting Oliveri v. Thompson, 803 F. 2d 1265,

---

[1]To impose sanctions for an attorney's conduct on behalf of a client and pursuant to the inherent power of the Court, an explicit finding of bad faith is mandatory. No finding of bad faith is required where the sanctioned conduct is not undertaken for the client's benefit. United States v. Seltzer, 227 F. 3d 36, 41-42 (2d Cir. 2000)(no bad faith finding required in order for district court to impose sanctions pursuant to its inherent power where sanctioned conduct was attorney returning late to court; order imposing sanctions was vacated and case was remanded due to fact that the attorney was not afforded procedural due process).

4

1273, (2d Cir. 1986), <u>cert</u>. <u>denied</u>, 480 U.S. 918, 107 S. Ct. 1373, 94 L. Ed. 2d 689 (1987)).

Because the conduct of defense counsel in no way rises to this level, the request for an award of fees

should be denied.

        **A.**    **The Defendants' Claims in Support of its Motion**
              **to Dismiss Are Not Only Colorable, But Possess Substantial Merit.**

      "[A] claim is entirely without color when it lacks *any* legal or factual basis." <u>Schlaifer</u>

<u>Nance & Co., Inc. v. Estate of Warhol</u>, 194 F. 3d 323, 337 (2d Cir. 1999)(quoting <u>Sierra Club v.</u>

<u>United States Army Corps. of Eng'rs.</u>, 776 F. 2d 383, 390 (2d Cir. 1985)(emphasis added).

Conversely, a claim is colorable "when it has some legal and factual support, considered in light of

the reasonable beliefs of the individual making the claim." <u>Revson v. Cinque & Cinque, P.C.</u>, 221

F.3d 71, 79 (2d Cir.2000)(quoting <u>Nemeroff v. Abelson</u>, 620 F. 2d 339, 348 (2d Cir. 1980)(per

curiam).). With respect to the Defendants's claims concerning the Court's lack of subject matter

jurisdiction over the Plaintiff's Title VII claims and the Plaintiff's failure to adequately allege an

equal protection claim, the Plaintiff alternately characterizes them as "lack[ing] substantive merit"

and "wholly frivolous", <u>*See* Pls. Motion for Fees at pp. 1,2,5,</u> and claims that "the authority cited [in

the Defendants' Memorandum of Law in support or the Motion to Dismiss] does not support a grant

of the motion." <u>*See id.* at 5-6.</u> Contrary to the Plaintiff's argument, the authority relied upon by the

Defendant does indeed support the granting of the motion. Moreover, even in the event that the

Court denies the motion to dismiss, and finds the Defendants' authority distinguishable, this still

would not warrant the requested award of attorney's fees. See <u>Schlaifer Nance & Co. v. Estate of</u>

<u>Warhol</u>, 194 F. 3d 323, 337 (2d Cir. 1999)(noting that "a claim that fails as a matter of law is not

necessarily lacking any basis at all.... [a] claim is colorable when it reasonably might be

successful."); <u>Success Village Apartments, Inc. v. Amalgamated Local 376</u>, 2006 WL 581207 *3

5

(D.Conn. 2006)(copy attached)(denying motion for sanctions pursuant to 28 U.S.C. § 1927 and noting that "although the Court has rejected plaintiff's argument [on the merits] ... plaintiff's contention was not so clearly in error that sanctions are warranted; in fact, plaintiff cited two cases that, although distinguishable, arguably support its position.").

Specifically, with respect to the merits of the Defendants' Title VII argument, the Defendant has cited abundant authority supporting the granting of a motion to dismiss for lack of subject matter jurisdiction where the Plaintiff does not qualify as an "employee" due to the policymaker exception. *See Sources cited in Def. Memo. of Law in Support of Motion to Dismiss at pp. 8-11 and Def. Reply to Pl. Objection to Motion to Dismiss at pp. 3-6, including*, Gregory v. Ashcroft, 501 U.S. 452, 464-70, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991)(under identical ADEA exception, court affirmed dismissal due to federalism principles that preclude Congress' legislative authority from invading State's powers to establish federal jurisdiction over high-level policymaking positions); Stillians v. Iowa, 843 F.2d 276, 278-79 (8th Cir. 1988), abrogated on other grounds, Astoria Fed. Sav. And Loan Ass'n v. Solimino, 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991) (under identical ADEA exception, court affirmed dismissal of failure to promote claim expressly for lack of subject matter jurisdiction due to Congressional policy); EEOC Dec.P. 6739, Dec. No. 79-8, 1978 WL 5829, *2-3 (1978)(copy attached) (dismissing charge for lack of subject matter jurisdiction under policymaker exception as legislative history showed Congress realized necessity of allowing elected officials complete freedom in appointments); Deneen v. City of Markham, 1993 WL 181885, *3-4 (N.D.Ill. 1993)(in reverse discrimination case, policymaker exception applied to fire chief position sought by plaintiff already employed by fire department).

The Defendant has also cited controlling authority in support of its claim that the Plaintiff's equal protection claim, as pleaded, is insufficient based on the lack of any allegation that there was

6

an official policy or custom in place in the Allingtown Fire District that caused the Plaintiff to be subjected to racial discrimination. *See Sources cited in Def. Memo. of Law in Support of Motion to Dismiss at pp. 15-17 and Def. Reply to Pl. Objection to Motion to Dismiss at pp. 8-9, including,* Monell v. Dept. of Social Services of the City of New York, 436 U.S.658, 694, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) ("to hold city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right").

In addition, despite the fact that the Plaintiff himself acknowledges that the complaint is not "crystal clear", *See Pls. Obj. to Motion to Dismiss at p. 18,* the Plaintiff contends that the balance of the arguments raised in the Motion to Dismiss (addressing the Plaintiff's claims which have since been abandoned) "appear to have been manufactured for the purpose of putting a legitimate gloss on an otherwise improper pleading." *See Pls. Motion for Fees at p. 5.* However, as noted above, the complaint itself has been pending since January, 2003. At no point prior to responding to the Motion to Dismiss did the Plaintiff ever file an amended complaint to clarify that certain claims alleged were not being pursued or that certain parties named as Defendants were not being pursued.[2] Absent some pleading filed by the Plaintiff to the effect that certain claims are not being pursued, defense counsel justifiably and reasonably relied on the complaint as alleged.

---

[2]Plaintiff argues that defense counsel could have easily discovered that the Plaintiff did not intend to pursue all of the claims alleged by simply placing a telephone call to Plaintiff's counsel or filing other pretrial motions. *See Pls. Motion for Fees at p. 3,* However, it is the Plaintiff who filed the complaint and it is the Plaintiff who is obligated to notify opposing counsel that it will not be pursuing certain of the alleged claims by filing an amended complaint. *See Fed. R. Civ. P. 15.*

7

**B.**    **The Motion to Dismiss was not Filed for an Improper Purpose; It Raises Legitimate Issues Addressed to the Ability of the Court to Hear the Claims.**

Here, there is no "clear evidence" that the Motion to Dismiss was filed for an improper purpose which would warrant the imposition of the requested sanctions. See e.g., Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir.2000). The only argument advanced by the Plaintiff that the motion was filed for an improper purpose is the fact that the motion was filed shortly before trial. However, timing alone does not show "clear evidence" of an improper purpose so as to warrant the imposition of sanctions. Planet Hollywood (Region IV), Inc. v. Hollywood Casino Corp., 80 F.Supp.2d 815, 877 (N.D. Ill. 1999)(denying a motion for sanctions under 28 U.S.C. § 1927 and noting that "[a]lthough the timing of Hollywood Casino's motion to dismiss understandably has caused Planet Hollywood to raise an eyebrow, the fact remains that the motion presented an issue of subject matter jurisdiction that the Court was obligated to consider--with or without Hollywood Casino filing a motion.").

Indeed, the Federal Rules of Civil Procedure expressly authorize dismissal of a matter due to the lack of subject matter jurisdiction "[w]henever it appears by suggestion of the parties or otherwise." Fed. R. Civ. P. 12(h)(3). Thus, it would be appropriate to raise the issue of the lack of subject matter jurisdiction even after trial and the entry of judgment. See Arbaugh v. Y&H Corp., __ U.S.__, 126 S. Ct. 1235, 1240, __ L.Ed. 2d __ (2006); see also Steel Co. v. Citizens for Better Environment, 523 U.S.83, 94-95, 118 S. Ct. 1003, 140 L.Ed. 2d 210 (1998)(stating that it has long been the law that "[t]he requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception.'"(quoting Mansfield C. & L.M.R. Co.v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)). The Rules of Civil Procedure further expressly authorize the filing of a motion to dismiss premised on the failure to state a claim upon which relief can be

8

granted until the time of judgment. Arbaugh.supra at 1240; Fed. R. Civ. P. 12 (h)(2). Thus, even if

the Motion to Dismiss had been filed after the commencement of trial or, with respect to the issue of

subject matter jurisdiction, after judgment, this fact alone would not warrant the imposition of

sanctions.

In support of his argument that an improper purpose may be established by the timing of a

motion to dismiss, Plaintiff cites to Thomas America Corp. v. Fitzgerald, 175 F.R.D. 462 (S.D.N.Y.

1987), which the Plaintiff incorrectly characterizes as "a remarkably similar case." See Pls. Motion

for Fees at p. 5.    In Thomas America Corp., the Court referred to the "protracted and muddled

dispute" between the parties and cited to four prior reported decisions setting forth the underlying

facts of the case. Id. at 463.    The case involved a declaratory judgment action concerning various

claims of patent and trademark infringement for models of telephones. Id. at 464.    The parties had

previously litigated three actions concerning similar claims of patent and trademark infringement.

Id. Shortly before trial, the defendant filed a motion to dismiss challenging the Court's subject

matter jurisdiction over one of the counts of the complaint seeking a declaration that a particular

trademark  had not been infringed.  Id. The defendant argued that the Court lacked subject matter

jurisdiction over this claim because the defendant had never claimed infringement of this particular

trademark. Id.  In imposing sanctions, the Court noted that it was "ludicrous" to suggest that the

plaintiff could not initiate the declaratory judgment action "against this defendant, who has claimed

infringement of a variety of patents and trademarks in a variety of courts, for infringement of a mark

which was very similar to another mark which he had accused plaintiff of infringing. " Id. at 465-

466. Contrary to Thomas America Corp., the parties here have not been engaged in a "protracted and

muddled dispute" involving claims similar to those raised in the Motion to Dismiss. Thus, contrary

to the Court's finding in  Thomas America Corp., the grounds asserted in the Defendant's Motion to

9

Dismiss are not "ludicrous" such as would warrant the imposition of sanctions.

Plaintiff further argues that the fact that she was inconvenienced by the filing of the Motion to Dismiss warrants the imposition of the requested sanctions. While any inconvenience to opposing counsel (or to the Court) occasioned by the filing of the Motion to Dismiss is regretted, this does not establish bad faith such as would warrant the requested fee award. Moreover, Plaintiff's counsel's assertion that, prior to the Defendant's filing of the Motion to Dismiss, she had spent substantial time in preparing the joint trial memo is suspect. *See Pls. Motion for Fees at pp. 1,2,6.* The Motion to Dismiss was filed on February 6, 2006. However, as of February 7, 2006 and despite the fact that the trial memo is required to be *joint*, the undersigned had not been contacted by Plaintiff's counsel at all with regard to the joint trial memo. Indeed, the undersigned faxed correspondence to Plaintiff's counsel two times on February 7, 2006, the first time enclosing proposed voir dire questions and indicating that "I have not heard anything from you [regarding the joint trial memo]...." and the second time enclosing a draft of the joint trial memo prepared by defense counsel. Later that same day, in response to a request from someone at Plaintiff's counsel's office, a copy of the draft joint trial memo prepared by the undersigned was e-mailed to Plaintiff's counsel. *Copies of the undersigned's fax and email correspondence of February 7, 2006 is attached hereto as Exhibit 1.*

In an effort to bolster his request for fees, the Plaintiff asserts that the conduct of the Defendants and, apparently, by implication, defense counsel has been "marked by ... unseemly conduct" and alleges that the Defendants breached a settlement agreement. *Pls. Motion for Fees at p. 2.* However, even a cursory review of the pleadings filed regarding the enforcement of the supposed settlement [Document i.d. ## 23, 29-33] reveals that the Plaintiff's position (that a proposed settlement which had not been approved by the full Board of Fire Commissioners was

10

binding) was unlikely to prevail. Furthermore, throughout this litigation, the Defendants have been open to settlement discussions (and have made clear in all of those discussions that any settlement would require the approval of the entire Board of Fire Commissioners). In fact, on February 10, 2006, after the Motion to Dismiss was filed, the parties again met with Magistrate Garfinkel for the purpose of discussing settlement. Subsequently, on March 21, 2006, after the Motion to Dismiss had been filed but before any reply brief had been submitted, the Defendants again contacted Plaintiff regarding their interest in discussing settlement and proposed taking up such discussions as quickly as possible and before any further work was done in opposition to the Motion to Dismiss given that "the issue of Plaintiff's legal fees has some bearing on settlement discussions." Plaintiff's counsel declined the request to delay further work in opposition to the Motion to Dismiss. *A copy of defense counsel's March 21, 2006 correspondence to Attorney Torre and Attorney Torre's March 22, 2006 response is attached hereto as Exhibit 2.*

## CONCLUSION

The Plaintiff's Motion for Order of Payment of Attorney's Fees should be denied. Under either the Court's inherent power or under 28 U.S.C. § 1927, there must be a particularized finding of bad faith. The Motion to Dismiss has both legal and factual support. In addition, the timing of its filing is expressly authorized by the Rules of Civil Procedure. Accordingly, there is no bad faith.

THE DEFENDANTS

Jennifer L. Schancupp
Federal Bar no: ct 11876
SUSMAN, DUFFY & SEGALOFF, P.C.
55 WHITNEY AVENUE
P.O. BOX 1684
NEW HAVEN, CT 06507
(203) 624-9830

11

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date, postage prepaid to the following:

Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Paul J. Dorsi, Esq.
Donahue, Votto and DeGennaro PC
415 Main Street
West Haven, CT 06516

Jennifer L. Schancupp

I:\Client A-B\Allingtown Fire District\Massaro P\Pleadings\memo of law in opposition to motion for fees 04 13 06.wpd

12