Westlaw.

2006 WL 581207                                                                                                                        Page 1
--- F.R.D. ----, 2006 WL 581207 (D.Conn.)
**(Cite as: 2006 WL 581207 (D.Conn.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
SUCCESS VILLAGE APARTMENTS, INC.,
Plaintiff,
v.
AMALGAMATED LOCAL 376, International
Union United Automobile Aerospace and
Agricultural Implement Workers of America, UAW,
Defendants.
No. 3:03 CV 1784 JBA.

March 8, 2006.

**Background:** Employer brought action to vacate arbitration award issued in favor of two of its employees represented by unions, and unions cross-moved to confirm award. After entry of judgment in favor of unions, 380 F.Supp.2d 95, employer moved for reconsideration, and unions moved for sanctions.

**Holdings:** The District Court, Arterton, J., held that:
(1) fact that unions were in default did not preclude them from filing valid motion to confirm, and
(2) sanctions were not warranted.
Motions denied.

**[1] Federal Civil Procedure** ⚷928

170Ak928
Standard for reconsideration is strict, and reconsideration is only appropriate where moving party can point to controlling law or evidence that might reasonably be expected to alter conclusion reached by court.

**[2] Federal Civil Procedure** ⚷928
170Ak928
Motion for reconsideration gives court opportunity to correct manifest errors of law or fact or to consider newly discovered evidence.

**[3] Arbitration** ⚷72.3
33k72.3
Fact that unions were in default did not preclude them from filing valid motion to confirm arbitration award in employer's action to vacate award. Fed.Rules Civ.Proc.Rule 55(c), 28 U.S.C.A.

**[3] Labor and Employment** ⚷1604
231Hk1604
Fact that unions were in default did not preclude them from filing valid motion to confirm arbitration award in employer's action to vacate award. Fed.Rules Civ.Proc.Rule 55(c), 28 U.S.C.A.

**[4] Federal Civil Procedure** ⚷2769
170Ak2769
In determining whether to award sanctions under Rule 11, courts apply objective standard of reasonableness. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

**[5] Federal Civil Procedure** ⚷2766
170Ak2766

**[5] Federal Civil Procedure** ⚷2769
170Ak2769

**[5] Federal Civil Procedure** ⚷2790
170Ak2790
Award of sanctions against attorney for unreasonably and vexatiously multiplying proceedings is highly unusual, and requires finding of bad faith, which can be established where attorney's actions are so completely without merit as to require conclusion that they must have been undertaken for some improper purpose. 28 U.S.C.A. § 1927.

**[6] Federal Civil Procedure** ⚷2775
170Ak2775
Contention by employer's attorney that unions could not file valid motion to confirm arbitration award while in default was not so clearly in error as to warrant sanctions under Rule 11 or for unreasonably and vexatiously multiplying proceedings, where employer cited two cases that, although distinguishable, arguably supported its position, and there was legitimate dispute as to whether employer served unions with application to vacate and civil cover sheet containing required federal case number and whether unions could reasonably have been expected to obtain that information from other sources. 28 U.S.C.A. § 1927; Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Unpublished Decision**

Case 3:03-cv-00136-EBB    Document 88-5    Filed 04/20/2006    Page 2 of 5

2006 WL 581207                                                                              Page 2
--- F.R.D. ----, 2006 WL 581207 (D.Conn.)
(Cite as: 2006 WL 581207 (D.Conn.))

John Gerard Stretton, Marc L. Zaken, Edwards & Angell, Stamford, CT, for Plaintiff. Thomas W. Meiklejohn, Livingston, Adler, Pulda, Meiklejohn & Kelly, Hartford, CT, for Defendants.

**Ruling on Plaintiff's Motion for Reconsideration [Doc. # 25] and Defendants' Motion for Sanctions [Doc. # 29]**

ARTERTON, District Judge.

*1 Plaintiff Success Village Apartments, Inc. ("Success Village") initiated this action seeking to vacate an arbitration award issued in favor of two of its employees represented by the defendant unions (the "Arbitration Award"), and defendants cross-moved to confirm the award. On July 29, 2005, this Court denied plaintiff's Application to Vacate and granted defendants' Cross Motion to Confirm. See [Doc. # 23]. Plaintiff now seeks reconsideration of the Court's Ruling granting the Cross Motion to Confirm, contending that the Cross Motion was not properly considered by the Court because it was filed by defendants while they were in default (the Court thereafter granted defendants' motion to set aside the default). See Pl. Motion For Reconsideration [Doc. # 25]. Plaintiff thus argues that the Court should vacate its confirmation of the Arbitration Award because defendants failed to validly file their motion to confirm within the one-year statute of limitations provided by the Federal Arbitration Act, 9 U.S.C. § 9.

Defendants oppose plaintiff's Motion for Reconsideration claiming that the default was improvidently entered because defendants were not served with plaintiff's Application to Vacate the Arbitration Award in compliance with the Federal Rules of Civil Procedure, contending that in any event the Cross Motion to Confirm was validly filed and thus properly ruled on by the Court, and arguing that even if the Cross Motion to Confirm was not validly filed, the Court had jurisdiction to issue a judgment on the Arbitration Award *sua sponte*. Defendants also seek sanctions pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 in the form of reasonable attorneys' fees and costs claiming that plaintiff's Motion for Reconsideration has no reasonable basis in law or in fact and arguing that plaintiff's counsel has unnecessarily and vexatiously multiplied proceedings in bad faith. See Def. Motion For Sanctions [Doc. # 29]. For the reasons that follow, plaintiff's Motion for Reconsideration and defendants' Motion for Sanctions are DENIED.

**I. Motion for Reconsideration**

[1][2] The standard for reconsideration is strict and reconsideration is only appropriate where the moving party can point to controlling law or evidence that "might reasonably be expected to alter the conclusion reached by the court." See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir.1995). A motion for reconsideration gives the Court an opportunity to "correct manifest errors of law or fact or to consider newly discovered evidence." LoSacco v. City of Middletown, 822 F.Supp. 870, 876-77 (D.Conn.1993) (internal quotation and citation omitted), aff'd 33 F.3d 50 (2d Cir.1994).

Plaintiff seeks reconsideration of this Court's Ruling granting defendants' Cross Motion to Confirm the Arbitration Award claiming that because defendants filed the Motion while in default, it was a "legal nullity" and was thus never "validly placed before this Court, and should not have been decided by this Court" because defendants failed to re-file the Motion after the default was lifted. Pl. Mem. In Support Of Motion For Reconsideration [Doc. # 26] at 1. Plaintiff also observes that it is now too late for defendants to re-file their Motion because the one year statute of limitations provided by the Federal Arbitration Act, 9 U.S.C. § 9, has run (the Arbitration Award was entered on September 19, 2003; defendants filed their Cross Motion to Confirm on September 3, 2004).

*2 [3] Contrary to plaintiff's contentions, however, defendants were not precluded from filing a valid motion to confirm when they were in default and thus the Court's July 2005 Ruling on their Motion was not entered in error and will not be reconsidered. Plaintiff claims that the Federal Rules of Civil Procedure permit a party in default to file only one type of motion while in default--a motion to set aside the default. See Pl. Mem. In Support Of Motion For Reconsideration at 4 (citing Fed.R.Civ.P. 55(c)). Fed.R.Civ.P. 55(c) imposes no such limitation but provides only that a court may set aside an entry of default for good cause shown. Moreover, courts throughout this Circuit have ruled upon, or allowed to stand, pleadings and motions filed while the filing party was in default. See, e.g., Guillory v. Barrieau Moving, 03cv1105 (DJS), 2004 WL 1393618 (D.Conn. June 21, 2004) (considering plaintiff's motion to change venue concurrently with his motion to vacate default judgment as to defendant's counterclaim, granting the latter and denying the former on its merits); O'Diah v. New York City, 02civ274 (DLC), 2003 WL 22093482 (S.D.N.Y.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:03-cv-00136-EBB    Document 88-5    Filed 04/20/2006    Page 3 of 5

2006 WL 581207                                                                    Page 3
--- F.R.D. ----, 2006 WL 581207 (D.Conn.)
(Cite as: 2006 WL 581207 (D.Conn.))

Sept. 10, 2003) (granting defendant's motion to dismiss that was filed with motion to vacate default); *Vermont Mobile Home Owners' Assoc. v. Lapierre,* 94 F.Supp.2d 519 (D.Vt.2000) (granting defendant's motion to set aside default and defendant's motion to dismiss). [FN1] This is in keeping with the well established principle that default judgments are disfavored and the "clear preference" is for disposition of cases on their merits. *See Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 174 (2d Cir.2001). [FN2] Thus, plaintiff's Motion for Reconsideration is denied.

**II. Motion for Sanctions**

Defendants move for sanctions pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 claiming that plaintiff's Motion for Reconsideration has no reasonable basis in law or in fact and that plaintiff's counsel has unnecessarily and vexatiously multiplied these proceedings "through procedural maneuvering undertaken in bad faith." Def. Motion For Sanctions at 1. Defendants refer to plaintiff's alleged failure to provide them with the case number in this action in the service of the Application and upon request from defendants' attorney. *See* Def. Mem. In Support Of Motion For Sanctions [Doc. # 30] at 1-5, 10-11. Defendants also refer to plaintiff's Motion for Reconsideration, claiming that there is no reasonable basis in law or in fact for plaintiff's position that the Arbitration Award should not be confirmed because defendants were in default at the time they filed their Cross Motion to Confirm. Def. Mem. In Support Of Motion For Sanctions at 8-9, 11-12.

[4] Fed.R.Civ.P. 11 provides that a court may award sanctions for any party that files a pleading running afoul of the following rule:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> *3 (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed.R.Civ.P. 11(b). Thus, pursuant to Rule 11, sanctions shall be imposed when it appears "that a pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985). In making this inquiry, courts apply an objective standard of reasonableness. *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.,* 73 F.3d 1253, 1257 (2d Cir.1992). With regard to factual contentions, Rule 11 "sanctions may not be imposed unless a particular allegation is utterly lacking in support." *Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 388 (2d Cir.2003) (internal quotation and citation omitted). Likewise, "[m]erely incorrect legal statements are not sanctionable.... Rather, sanctionable 'legal contentions' must not be 'warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.' " *Id.* at 391.

[5] 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. An award of sanctions under this section is "highly unusual," *see West Virginia v. Chas. Pfizer & Co.,* 440 F.2d 1079, 1092 (2d Cir.1971), and requires a finding of bad faith, which can be established where "the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose," *see Revson v. Cinque & Cinque, P.C.,* 221 F.3d 71, 79 (2d Cir.2000).

[6] The conduct of plaintiff and plaintiff's attorney in this case does not rise to this level. First, although the Court has rejected plaintiff's argument that defendants were not permitted to file their Cross Motion while in default, plaintiff's contention was not so clearly in error that sanctions are warranted; in

Case 3:03-cv-00136-EBB   Document 88-5   Filed 04/20/2006   Page 4 of 5

2006 WL 581207                                                                   Page 4
--- F.R.D. ----, 2006 WL 581207 (D.Conn.)
(Cite as: 2006 WL 581207 (D.Conn.))

fact, plaintiff cited two cases that, although distinguishable, arguably supported its position. *See* Pl. Mem. In Support of Motion for Reconsideration at 4 (citing *Blazek,* 222 F.R.D. 360, and *Int'l Cargo & Surety Ins. Co.,* 1991 WL 120359). Moreover, as discussed above (*see supra* note 2), there is a legitimate dispute on the record as to whether plaintiff served defendants with an Application to Vacate and civil cover sheet which contained the required federal case number and whether, even if plaintiff did not, defendants could reasonably have been expected to obtain that information from other sources. Thus, plaintiff's contention that defendants were in default when they filed their Cross Motion is neither "utterly lacking in support" nor necessarily indicative of any bad faith.

### III. Conclusion

*4 For the foregoing reasons, plaintiff's Motion for Reconsideration [Doc. # 25] is DENIED and the Court adheres to its July 29, 2005 Ruling granting defendants' Cross Motion to Confirm the Arbitration Award, *see* [Doc. # 23]. Defendants' Motion for Sanctions [Doc. # 29] is also DENIED.

IT IS SO ORDERED.

> FN1. The cases cited by plaintiff do not compel a conclusion to the contrary. *See Blazek v. Capital Recovery Assocs., Inc.,* 222 F.R.D. 360 (E.D.Wis.2004) (noting that "[t]he federal rules suggest several reasons in favor of treating a defaulting defendant as a party," but ultimately deciding to treat a defaulting defendant as a non-party for *discovery purposes,* articulating a concern about burdening a defaulting defendant with discovery compliance as a party where defendant may have opted to default for monetary or other strategic reasons); *compare Int'l Cargo & Sur. Ins. Co. v. Mora Textiles Corp.,* 90civ3880 (KMW), 1991 WL 120359 (S.D.N.Y. June 21, 1991) (granting motion to vacate default *judgment* and requiring defendant to re-file its answer), *with Albert Levine Assocs., Inc. v. Kershner,* 45 F.R.D. 450 (S.D.N.Y.1968) (setting aside default and allowing defendants' untimely filed answer to stand).

> FN2. Defendants also argue that the default was improperly entered because plaintiff's Application to Vacate the Arbitration Award [Doc. # 1] was not served in accordance with Fed.R.Civ.P. 7(b)(2) and 10(a). Defendants contend that pursuant to Local Civ. R. 10(a) all pleadings must include "[t]he complete docket number, including the Judge to whom the case has been assigned," and that the Application and civil cover sheet with which defendants were served did not include this information. *See* Def. Opposition to Motion for Reconsideration [Doc. # 27] at 8-9 (citing, *inter alia, Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940), for the proposition that the measure of whether service on a defendant is adequate is whether it is "reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard"). Additionally, defendants allege, when their attorney contacted plaintiff's attorney, plaintiff's attorney refused to provide the requested information. Plaintiff responds that defendants were in fact served with a copy of the original Application and civil cover sheet, which contained the federal case number and indicated the judge assigned to the case, and that in any event, defendants have failed to explain why their attorney neither contacted plaintiff's attorney for the information until more than six months after the filing of the Application nor attempted to obtain the information from the Clerk's office. Because the Court has vacated the entry of default, and because the Court concludes above that the defendants' Cross Motion was validly filed notwithstanding the entry of default, the Court need not finally determine whether defendants were served in compliance with the Federal Rules of Civil Procedure or whether they took reasonable steps to obtain the necessary case information elsewhere and, thus, whether or not the default was entered in error. Likewise, because the Court determines that defendants' Cross Motion to Confirm the Arbitration Award was valid, it need not reach defendants' argument that, even in the absence of a motion to confirm, the Court could have entered judgment confirming the Arbitration Award.

--- F.R.D. ----, 2006 WL 581207 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**

• 2005 WL 2603516 (Trial Motion, Memorandum

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 581207 \
--- F.R.D. ----, 2006 WL 581207 (D.Conn.) \
**(Cite as: 2006 WL 581207 (D.Conn.))**

Page 5

and Affidavit) Memorandum in Opposition to Plaintiff's Motion for Reconsideration (Sep. 1, 2005)

• 2005 WL 2603515 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion for Reconsideration (Aug. 12, 2005)

• 3:03cv01784 (Docket) (Oct. 17, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.