UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
(NEW HAVEN)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PETER MASSARO | * | CIVIL ACTION NO. |
| PLAINTIFF | * | 3:03CV00136 (EBB) |
| | * | |
| VS. | * | |
| ALLINGTOWN FIRE DISTRICT, ET AL | * | MAY 18 , 2006 |
| | * | |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL THE DEPOSITION OF THE PLAINTIFF AND FOR RELATED FEES AND COSTS

## INTRODUCTION

This is a reverse race discrimination case. The Plaintiff claims that he was discriminated against when he applied for the position of Fire Chief for the Allingtown Fire District. Currently, there is pending a Motion to Dismiss which challenges the Court's jurisdiction over the Plaintiff's claims that the Defendant's violated the Plaintiff's rights under Title VII and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. Jury selection is currently scheduled for June 13, 2006. Whether or not trial proceeds as scheduled will depend on the outcome of the pending Motion to Dismiss.[1] In the event that trial is to proceed, Defendants seek to take the Plaintiffs deposition in advance of trial. The Plaintiff has refused to submit to a deposition. Accordingly, the Defendants seek to compel the Plaintiff's deposition.

The Plaintiff claims that the discovery period is closed. This claim is incorrect. On July 29,

---

[1] The filing of this motion in no way reflects on the merits of the Motion to Dismiss. Rather, it is reflective of the fact that the trial date is coming up shortly.

2005, the parties participated in a telephonic status conference with Judge Underhill on this matter. Defendants were represented by the undersigned as well as Attorney Paul Dorsi and Attorney Thomas Katon. During that status conference, among other matters, the fact that discovery had not been completed and the need to set further deadlines was discussed. Judge Underhill did not enter a formal order regarding the extension of the discovery deadlines, but stated that the parties should "just get it done." The Plaintiff was represented by Attorney Torre at this telephonic status conference. During the telephonic status conference, Attorney Torre did not indicate any objection to continued discovery in advance of trial. [2]

Likewise, on numerous occasions between the July, 2005 status conference and now, defense counsel has noticed the Plaintiff's deposition. These depositions have been marked off either at the request of Plaintiff's counsel or defense counsel. They were not marked off on the basis that the discovery period had closed. At the time the depositions were marked off, counsel for the parties had corresponded or had telephone conversations about selecting new dates for the Plaintiff's deposition. Attorney Torre (or personnel at her office) had, on numerous occasions, indicated that they would get back to defense counsel with dates. Copies of some of this correspondence and email messages are attached hereto as Exhibit A. Notably, as recently as February 14, 2006, Attorney Torre indicated that she may have dates in March for the Plaintiff's deposition to occur. She did not then take the position that the discovery period had closed and thus barred the Defendants from deposing the Plaintiff.

Most recently, defense counsel wrote to Plaintiff's counsel on April 27, 2006 requesting new dates to take the Plaintiff's deposition. After making numerous phone calls and writing again to

---

[2]Defense counsel previously attempted to obtain the transcript of this telephonic status conference to obviate the need for this motion. Defense counsel has been informed that a transcript is not available because the status conference was not recorded.

2

request a response, Plaintiff's counsel stated that she would not permit the Plaintiff to be deposed because the discovery period on this matter has been closed.  A copy of this correspondence is attached hereto as Exhibit B.

On May 11, 2006, defense counsel again wrote to Plaintiff's counsel in a good faith effort to resolve this matter short of court action.  A copy of this correspondence is attached hereto as Exhibit C.  Unfortunately, these efforts have not been successful and the Defendants seek to compel the Plaintiff to submit to a deposition in advance of the currently scheduled trial.  The Defendants further seek sanctions in the form of the costs and fees associated with the prosecution of this motion as the Plaintiff's conduct has necessitated the filing of this motion.

## ARGUMENT

### A.    The Plaintiff should be compelled to submit to a deposition in advance of trial.

A party is obligated to attend a properly noticed deposition. See Mercado v. Division of New York State Police, 989 F.Supp. 521, 523-24 (S.D.N.Y.1998).  Failure to do so subjects the offending party to the full panoply of sanctions available under Fed. R. Civ . P. 37(b), up to and including dismissal of the action. See Fed. R. Civ. P. 37(d)(1). O'Bar v. Borough of Naugatuck, 2002 WL 32500866, *1 (D.Conn.)(copy attached).

Here, the Defendant has noticed the Plaintiff's deposition on a number of prior occasions.[3] None of the noticed depositions have taken place.  On one occasion, Plaintiff's deposition was cancelled at the last minute by Plaintiff's counsel.  The Defendants incurred a $100.00 same day cancellation fee from the reporting agency and submitted the bill to Plaintiff's counsel for payment. Payment was never made. See Exhibit D.  More recently, defense counsel attempted to get a

---

[3]    The Defendants concede that because the Plaintiff has taken the position that the Defendants are barred from depositing the Plaintiff, they have not issued a Notice of Deposition directly preceding the filing of this motion.

3

mutually convenient date for Plaintiff's deposition. Plaintiff's counsel refused to supply any dates, contending that discovery had closed. See Exhibit B. As explained above, this claim is incorrect.

Moreover, Plaintiff's contention that discovery is closed is contradicted by the actions of Plaintiff's counsel. The last formal discovery period ended May 31, 2005. However, Plaintiff's counsel issued notices of deposition for depositions to occur subsequent to that date. Copies of these notices of deposition are attached hereto as Exhibit E. These depositions were subsequently marked off by Plaintiff's counsel due to scheduling issues, not because the discovery period was closed. More recently, by correspondence dated February 14, 2006, Plaintiff's counsel indicated that " I might have a couple of free dates in mid-March" for the deposition of the Plaintiff. See Exhibit A. Plaintiff did not then contend that the discovery period had closed. In addition, on numerous occasions, employees of defense counsel have called Plaintiff's counsel's office requesting dates. The response has always been that Plaintiff's office would get back to defense counsel with dates, not that the discovery period has closed and that the Plaintiff would refuse to submit to a deposition.

The Defendants are entitled to depose the Plaintiff in advance of trial. The motion to compel should be granted.

**B.**    **The Plaintiff should be ordered to pay the fees and costs associated with this motion, as well as the cancellation fee incurred for the Plaintiff's prior last minute cancellation.**

Where a party fails to appear for his or her own deposition, an order that such party pay the other party's costs and fees incurred as a result is appropriate. See Fed. R. Civ. P. 37(b). In addition, where a motion to compel is filed and granted, "... the court *shall,* after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable

4

expenses incurred in making the motion, including attorney's fees ..." (Emphasis added).

Here, the motion to compel has been necessitated by the Plaintiff's failure to submit to a deposition. In support of this motion for fees and costs, defense counsel has incurred fees to date of $1,348.50 at the rate of $155.00 per hour, based on 8.7 hours of work in preparing correspondence to Plaintiff's counsel in a good faith effort to avoid the need to file this motion and in preparing the motion to compel and the supporting memorandum of law and affidavits. In addition, the Defendants previously incurred a last minute cancellation fee of $ 100.00 due to the fact that the Plaintiff cancelled his deposition on a prior occasion on the day it was scheduled. The Defendants thus seek an award of costs and fees in the amount of $1,448.50.

THE DEFENDANTS

Jennifer L. Schancupp
Federal Bar no: ct 11876
SUSMAN, DUFFY & SEGALOFF, P.C.
55 WHITNEY AVENUE
P.O. BOX 1684
NEW HAVEN, CT 06507
(203) 624-9830

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date, postage prepaid to the following:

Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Paul J. Dorsi, Esq.
Donahue, Votto and DeGennaro PC
415 Main Street
West Haven, CT 06516

Jennifer L. Schancupp

5



*Law Offices of*
# KAREN LEE TORRE

51 Elm Street - Suite 307
New Haven, Connecticut 06510

Telephone - (203) 865-5541
Facsimile - (203) 865-4844

February 14, 2006

Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven CT 06507

**Re:**   <u>**Massaro v. Allingtown Fire District, et al.**</u>
**No: 3:03CV136 (SRU)**

Dear Attorney Schancupp:

In reply to your faxed letter of February 9, 2006, I must state my disagreement with your version of the fax. You were the one who telephoned my office the day before the scheduled February 7, 2006 deposition to notify that it was being canceled. It was not canceled at my request. If it is true, as you claim, that it was canceled per the agreement I reached with Tom Katon, there would have been no need for you to contact my office to advise of a cancellation on February 6, 2006. Since the trial was then scheduled to commence on February 14, 2006, I hardly think it is credible that Tom Katon would cancel out on the only opportunity he had to depose the client before the start of the trial.

In any event, please be further advised that I am not available at all for the balance of February and, on February 28th, the date you intend to depose Mr. Massaro, I will be in Waterbury at a CHRO hearing. I might have a couple of free dates in mid-March.

Very truly yours,

Karen Lee Torre

KLT:map

EXHIBIT A

*Law Offices of*
# KAREN LEE TORRE

*51 Elm Street - Suite 307*                                      Telephone - (203) 865-5541
*New Haven, Connecticut 06510*                                   Facsimile - (203) 865-4844


**SENT VIA MAIL AND FACSIMILE**
203-562-8430


Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven CT 06507

**Re:**    **Massaro v. Allingtown Fire District, et al.**
           **No: 3:03CV136 (SRU)**

Dear Attorney Schancupp:

I am in receipt of your notice of intent to depose the plaintiff in this case on Monday, February 13, 2006. This deposition was previously scheduled for the morning of February 7, 2006. On the afternoon of February 6, 2006, you telephoned my office to advise that you were cancelling the deposition.

You cannot depose my client on February 13th as I am committed to appear in the District Court at that time. Moreover, to the extent I have any time left in the business day after my court business is over, it will be dedicated to trial preparation in this case.

Very truly yours,

Karen Lee Torre

KLT:map
XC: Peter Massaro

# SUSMAN, DUFFY & SEGALOFF, P.C.

MICHAEL SUSMAN
JAMES H. SEGALOFF
JOSEPH E. FAUGHNAN
LAURA M. SKLAVER
JAMES J. PERITO
MATTHEW C. SUSMAN
THOMAS E. KATON
PETER G. KRUZYNSKI

JENNIFER L. SCHANCUPP
KAREN BALDWIN KRAVETZ
STEPHANIE S. BAIER
JESSE A. LANGER
MEGHAN K. GALLAGHER

ATTORNEYS AT LAW
55 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510-1300

PLEASE REPLY TO:
P.O. BOX 1684
NEW HAVEN, CT 06507-1684

(203) 624-9830

FACSIMILE (203) 562-8430

writer's e-mail address: jschancupp@susmanduffy.com

ALLEN H. DUFFY
(1931-1986)

OF COUNSEL
DAVID P. HAMBLETON

January 23, 2006

**Via Facsimile 865-4844
and Regular US Mail**
Karen Lee Torre, Esq.
51 Elm Street
New Haven, CT 06510

Re: <u>Allingtown Fire District / Peter Massaro</u>

Dear Karen:

Enclosed you will find a deposition notice for Peter Massaro for February 7th at 10:00 a.m. at my office. In our phone conversation last Thursday, you stated you would call my office late Friday with dates of availability. I have not heard from you and my secretary has called a number of times to follow up. Accordingly, I have noticed this deposition at a date and time convenient for me (and based on your comment last Thursday that you believed you would have time after February 6th). If this date/time does not work for you, please let me know as soon as possible.

Very truly yours,

Jennifer L. Schancupp

JLS:bm
cc: Paul J. Dorsi, Esq., via fax 932-5967

I:\Client A-B\Allingtown Fire District\Massaro P\Correspondence\Torre 012306.wpd

**Betsy McCurry**

**From:** Jennifer Schancupp

**Sent:** Tuesday, January 17, 2006 11:46 AM

**To:** Betsy McCurry

**Cc:** Thomas Katon

**Subject:** Allingtown/ Massaro

After faxing our letter to Torre, I received a call from Maryanne at her office. She is out of the office this week, not due back until Monday. If she calls in, Maryanne will get back to us with dates, but expects that we won't hear until next Monday.

Jennifer L. Schancupp
Susman, Duffy & Segaloff, PC
55 Whitney Avenue
New Haven, CT 06510
Phone: (203) 624-9830
Fax: (203) 562-8430
email: jschancupp@susmanduffy.com

*The information contained in this electronic message is confidential and is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by calling the sender at 203-624-9830.*

Protected by a Spam Blocker Utility.
**Click here to protect your inbox from Spam.**

SUSMAN, DUFFY & SEGALOFF, P.C.

MICHAEL SUSMAN
JAMES H. SEGALOFF
JOSEPH E. FAUGHNAN
LAURA M. SKLAVER
JAMES J. PERITO
MATTHEW C. SUSMAN
THOMAS E. KATON
PETER G. KRUZYNSKI

JENNIFER L. SCHANCUPP
KAREN BALDWIN KRAVETZ
STEPHANIE S. BAIER
JESSE A. LANGER
MEGHAN K. GALLAGHER

ATTORNEYS AT LAW
55 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510-1300

PLEASE REPLY TO:
P.O. BOX 1684
NEW HAVEN, CT 06507-1684

(203) 624-9830

FACSIMILE (203) 562-8430

writer's e-mail address: jschancupp@susmanduffy.com

ALLEN H. DUFFY
(1931-1986)

OF COUNSEL
DAVID P. HAMBLETON

January 17, 2006

**Via Facsimile 865-4844**
   **and Regular US Mail**
Karen Lee Torre, Esq.
51 Elm Street
New Haven, CT 06510

Re: <u>Allingtown Fire District / Peter Massaro</u>

Dear Karen:

My client would like to schedule the deposition of the plaintiff in this matter as well as a settlement conference with Magistrate Garfinkel. Please advise me of your availability for this week and next for the depositions and your availability from now until the start of the trial for the settlement conference. If I am not in the office when you call, please speak to my secretary, Betsy McCurry. Thank you.

Very truly yours,

Jennifer L. Schancupp

JLS:bm
cc: Paul J. Dorsi, Esq., via fax 932-5967

I:\Client A-B\Allingtown Fire District\Massaro P\Correspondence\Torre 01706.wpd

SUSMAN, DUFFY & SEGALOFF, P.C.

ATTORNEYS AT LAW

MICHAEL SUSMAN
JAMES E. SEGALOFF
JOSEPH E. FAUGHNAN
LAURA M. SKLAVER
JAMES J. PERITO
MATTHEW C. SUSMAN
THOMAS E. KATON
PETER G. KRUZYNSKI
―――
JENNIFER L. SCHANCUPP
KAREN BALDWIN KRAVETZ
STEPHANIE S. BAIER
JESSE A. LANGER
MEGHAN K. GALLAGHER

55 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510-1300

PLEASE REPLY TO:
P.O. BOX 1684
NEW HAVEN, CT 06507-1684

(203) 624-9830
―――
FACSIMILE (203) 562-8430
writer's e-mail address: jschancupp@susmanduffy.com

ALLEN H. DUFFY
(1931-1986)
―――
OF COUNSEL
DAVID P. HAMBLETON

April 27, 2006

**Via Facsimile 865-4844**

Karen Lee Torre, Esq.
51 Elm Street
New Haven, CT 06510

      Re: <u>Allingtown Fire District / Peter Massaro</u>

Dear Karen:

      This morning I contacted the Court regarding trial on this matter and have been advised that it will be rescheduled with jury selection to commence on June 13, 2006 and the joint pretrial memo due one week prior.

      Please advise as to your client's availability to be deposed between now and then at your earliest convenience.

      In addition, kindly supplement your prior disclosure to provide up to date income tax records from the Plaintiff.

      Thank you.

                                             Very truly yours,

                                             Jennifer L. Schancupp

JLS:jls
cc:  Paul J. Dorsi, Esq., via fax 932-5967

I:\Client A-B\Allingtown Fire District\Massaro P\Correspondence\Torre 042706.wpd

EXHIBIT B

SUSMAN, DUFFY & SEGALOFF, P.C.

MICHAEL SUSMAN
JAMES H. SEGALOFF
JOSEPH E. FAUGHNAN
LAURA M. SKLAVER
JAMES J. PERITO
MATTHEW C. SUSMAN
THOMAS E. KATON
PETER G. KRUZYNSKI

JENNIFER L. SCHANCUPP
KAREN BALDWIN KRAVETZ
STEPHANIE S. BAIER
JESSE A. LANGER
MEGHAN K. GALLAGHER

ATTORNEYS AT LAW
55 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510-1300

PLEASE REPLY TO:
P.O. BOX 1684
NEW HAVEN, CT 06507-1684

(203) 624-9830

FACSIMILE (203) 562-8430

writer's e-mail address: jschancupp@jsusmanduffy.com

ALLEN H. DUFFY
(1931-1986)

OF COUNSEL
DAVID P. HAMBLETON

May 9, 2006

**Via Facsimile 865-4844**
Karen Lee Torre, Esq.
51 Elm Street
New Haven, CT 06510

Re: Allingtown Fire District / Peter Massaro

Dear Karen:

I have written to you repeatedly to request dates to take the Plaintiff's deposition in this matter and followed up my correspondence with telephone calls. My most recent correspondence of April 27, 2006 (just one of many letters on this topic) has gone unanswered. My secretary has also called your office repeatedly to get dates that are convenient for the Plaintiff's deposition. As these repeated efforts have met with no response, please note that if I do not receive a response with a firm date for the deposition by the end of the day today, then I intend to file a motion to compel.

The dates that work for me are Tuesday, May 16, 2006 or Thursday, May 18, 2006. If these dates are not convenient for you, however, I can schedule it another time that works for everyone.

Thank you.

Very truly yours,

Jennifer L. Schancupp

JLS:jls
cc:  Paul J. Dorsi, Esq., via fax 932-5967
I:\Client A-B\Allingtown Fire District\Massaro P\Correspondence\Torre 050906.wpd

*Law Offices of*
## KAREN LEE TORRE

*51 Elm Street - Suite 307*
*New Haven, Connecticut 06510*

*Telephone - (203) 865-5541*
*Facsimile - (203) 865-4844*

May 9, 2006

**SENT VIA MAIL AND FACSIMILE** 203-562-8430

Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven CT 06507

Re:  **Massaro v. Allingtown Fire District, et al.**
      **No: 3:03CV00136 (EBB)**

Dear Attorney Schancupp:

In response to your faxed letter of today regarding the above-captioned case, I have not taken the time to respond to your communications because I believe I made my position clear on this matter long ago. Discovery in this case closed long ago and the fact that you failed to undertake and complete discovery is not my problem. You could have sought to compel plaintiff's deposition within the discovery period but you failed to do so. You also could have sought by motion to extend the discovery period for the purpose of taking the plaintiff's deposition. You failed to do that as well.

Moreover, I find it amusing that you seek now to engage in discovery when you have pending before the court your motion to dismiss which, if granted, will terminate the litigation entirely. Frankly, I have never heard of a defense attorney who seeks to engage in discovery at expense to both sides while a motion to dismiss is pending. You have denied filing that motion for an improper purpose and maintain that it has legal merit. It seems to me that you lack confidence in the merits of your motion.

You can file a motion to compel if you wish. It will meet with my opposition and request for reimbursement of the attorney fees incurred in connection with the same.

Sincerely,

Karen Lee Torre

KLT:map
xc: Paul J. Dorsi, Esq. (via fax 932-5967)

SUSMAN, DUFFY & SEGALOFF, P.C.

ATTORNEYS AT LAW

55 WHITNEY AVENUE

NEW HAVEN, CONNECTICUT 06510-1300

MICHAEL SUSMAN
JAMES H. SEGALOFF
JOSEPH E. FAUGHNAN
LAURA M. SKLAVER
JAMES J. PERITO
MATTHEW C. SUSMAN
THOMAS E. KATON
PETER G. KRUZYNSKI

JENNIFER L. SCHANCUPP
KAREN BALDWIN KRAVETZ
STEPHANIE S. BAIER
JESSE A. LANGER
MEGHAN K. GALLAGHER

PLEASE REPLY TO:
P.O. BOX 1684
NEW HAVEN, CT 06507-1684

(203) 624-9830

FACSIMILE (203) 562-8430

ALLEN H. DUFFY
(1931-1986)

OF COUNSEL
DAVID P. HAMBLETON

May 11, 2006

**Via Facsimile 865-4844**
Karen Lee Torre, Esq.
51 Elm Street
New Haven, CT 06510

Re: <u>Allingtown Fire District / Peter Massaro</u>

Dear Karen:

I am in receipt of your reply to my correspondence of May 9th. Thank you for the courtesy of replying after numerous letters and phone calls. I write now in an effort to resolve the dispute and to circumvent the need to file a motion to compel.

Your current statement that the reason for your lack of any prior response was due to the fact that you believe that discovery on this matter closed long ago is belied by your prior statements that you wanted to take the depositions of defense witnesses and further belied by the enclosed correspondence concerning the Plaintiff's deposition and the enclosed Notices of Depositions you issued after the last formal deadline for discovery had passed. In addition, we have spoken on the telephone about the Plaintiff's deposition on numerous occasions and you have always indicated that you would get back to me with dates (but never done so). It is also belied by the fact that both of us participated in a status conference on this matter last July with Judge Underhill. During that status conference, the fact that discovery had not been completed and the need to set further deadlines was discussed, to which the Judge replied words to the effect of "just get it done." Attorneys Paul Dorsi and Tom Katon also participated in this conference and recollect the Judge's remarks as do I. Unfortunately, these proceedings were not recorded. Otherwise, we could dispel your apparent lack of recollection on this point.

Kindly advise if you are amenable to having the Plaintiff deposed. If not, I will proceed with the motion to compel and seek fees incurred in connection therewith. You may, of course, respond as you see fit.

Very truly yours,

Jennifer L. Schancupp

JLS:jls
Enclosures
cc: Paul J. Dorsi, Esq., via fax 932-5967, w/ enc.
I:\Client A-B\Allingtown Fire District\Massaro P\Correspondence\Torre 051106.wpd

Exhibit C

# SUSMAN, DUFFY & SEGALOFF, P.C.

MICHAEL SUSMAN
JAMES H. SEGALOFF
JOSEPH E. FAUGHNAN
LAURA M. SKLAVER
JAMES J. PERITO
MATTHEW C. SUSMAN
THOMAS E. KATON
PETER G. KRUZYNSKI

JENNIFER L. SCHANCUPP
KAREN BALDWIN KRAVETZ
STEPHANIE S. BAIER
JESSE A. LANGER

ATTORNEYS AT LAW
55 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510-1300

PLEASE REPLY TO:
P.O. BOX 1684
NEW HAVEN, CT 06507-1684

(203) 624-9830

FACSIMILE (203) 562-8430

writer's e-mail address: jschancupp@susmanduffy.com

ALLEN H. DUFFY
(1931-1986)

OF COUNSEL
DAVID P. HAMBLETON

July 21, 2005

Karen Lee Torre, Esq.
51 Elm Street
New Haven, CT

Re: Allingtown Fire District / Peter Massaro

Dear Karen:

Enclosed please find a reminder statement from Post Reporting for $100 which reflects the fee for the same day cancellation of the deposition of Peter Massaro. Please forward to my attention a check in the amount of $100 payable to "Post Reporting Services".

Very truly yours,

Jennifer L. Schancupp

JLS:bm
Enclosure

I:\Client A-B\Allingtown Fire District\Massaro P\Correspondence\Torre 072105.wpd

Exhibit D

**Post Reporting Service, Inc.**
**2015 Dixwell Avenue**
**Hamden, CT 06514**
**(Employer ID: 06-1055590)**
203-281-1961  1-800-262-4102

*Verbatim Reporting Since 1938*

Jennifer L. Schancupp, Attorney                    Stmt Date:  07/01/2005
Susman, Duffy & Segaloff
55 Whitney Avenue                                  Invoice #  71018
New Haven, CT    06510

* * * PAST DUE INVOICE FROM: 5/16/05

| DATE TAKEN | REFERENCE | CHARGES |
|---|---|---|
| 05/16/05 | *Peter Massaro vs. Allingtown Fire District*<br>*Deposition of Peter Massaro* | |
| | **ATTENDANCE:**    same day cancellation | 100.00 |
| | **TRANSCRIPT:**    0  Copies      0  Pages | 0.00 |

PAST DUE
PLEASE REMIT

TOTAL:        100.00

TOTAL BAL DUE:    100.00

(PLEASE REFERENCE ABOVE INVOICE NUMBER ON YOUR PAYMENT)

## SUSMAN, DUFFY & SEGALOFF, P.C.

MICHAEL SUSMAN
JAMES H. SEGALOFF
JOSEPH E. FAUGHNAN
LAURA M. SKLAVER
JAMES J. PERITO
MATTHEW C. SUSMAN
THOMAS E. KATON
PETER G. KRUZYNSKI
———
JENNIFER L. SCHANCUPP
KAREN BALDWIN KRAVETZ
STEPHANIE S. BAIER
JESSE A. LANGER

ATTORNEYS AT LAW
55 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510-1300

PLEASE REPLY TO:
P.O. BOX 1684
NEW HAVEN, CT 06507-1684
———
(203) 624-9830
———
FACSIMILE (203) 562-8430
writer's e-mail address: jschancupp@susmanduffy.com

ALLEN H. DUFFY
(1931-1986)
———
OF COUNSEL
DAVID P. HAMBLETON

May 16, 2005

Karen Lee Torre, Esq.
51 Elm Street
New Haven, CT

     Re: <u>Allingtown Fire District / Peter Massaro</u>

Dear Karen:

     Enclosed please find an invoice from Post Reporting for $100 which reflects the fee for the same day cancellation of the deposition of Peter Massaro. Please forward to my attention a check in the amount of $100 payable to "Post Reporting Services".

Very truly yours,

Jennifer L. Schancupp

JLS:bm
Enclosure

I:\Client A-B\Allingtown Fire District\Massaro P\Correspondence\Torre 051605.wpd

# Post Reporting Service, Inc.
## 2015 Dixwell Avenue
## Hamden, CT 06514
## (Employer ID: 06-1055590)
### 203-281-1961  1-800-262-4102

*Verbatim Reporting Since 1938*

Jennifer L. Schancupp, Attorney
Susman, Duffy & Segaloff
55 Whitney Avenue
New Haven, CT    06510

Stmt Date:   05/16/2005

Invoice #   71018

| DATE TAKEN | REFERENCE | CHARGES |
|---|---|---|
| 05/16/05 | *Peter Massaro vs. Allingtown Fire District*<br>*Deposition of Peter Massaro* | |
| | **ATTENDANCE:**    same day cancellation | 100.00 |
| | **TRANSCRIPT:**    0  Copies        0  Pages | 0.00 |

**TOTAL:**    100.00

**TOTAL BAL DUE:**    100.00

**(PLEASE REFERENCE ABOVE INVOICE NUMBER ON YOUR PAYMENT)**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PETER MASSARO                          :
                                       :
V.                                     :        CIVIL NO.  3:03CV136 (SRU)
                                       :
ALLINGTOWN FIRE DISTRICT, et al.       :        MAY 31, 2005

## **NOTICE OF DEPOSITION**

Attorney Jennifer Shancupp              Michael A. Wolak, III, Esq.
Thomas E. Katon, Esq.                   Office of Corporation Counsel
Susman, Duffy & Segaloff, P.C.          165 Church St., 4th Floor
P.O. Box 1684                           New Haven, CT 06510
New Haven CT 06507

Paul J. Dorsi, Esq.                     Morgillo & Flynn
Donahue, Votto & DeGennaro, P.C.        605 Washington Ave., Suite 5
415 Main Street                         North Haven CT 06473
West Haven CT 06516

PLEASE TAKE NOTICE that on **Thursday, June 9, 2005, at 2:00 p.m.** at the Law

Offices of Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, Connecticut 06510 the

plaintiff Peter Massaro will take the deposition of **Charles Andreoli** before a proper authority.

You are invited to attend and cross-examine.

1

Exhibit E

THE PLAINTIFF, PETER MASSARO

BY: _____

KAREN LEE TORRE
Fed. Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, Connecticut 06510
Tel. (203) 865-5541
Fax: (203) 865-4844

His Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first-class mail this 31st day of May, 2005, to:

Attorney Jennifer Shancupp
Thomas E. Katon, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven CT 06507

Michael A. Wolak, III, Esq.
Office of Corporation Counsel
165 Church St., 4th Floor
New Haven, CT 06510

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven CT 06516

Morgillo & Flynn
605 Washington Ve., Suite 5
North Haven CT 06473

_____

KAREN LEE TORRE

2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF

CONNECTICUT

PETER MASSARO

V.

ALLINGTON FIRE DISTRICT, ET AL.

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:03CV136 (SRU)

TO:  CHARLES ANDREOLI
     115 SYCAWAY STREET, WEST HAVEN, CT 06516

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| LAW OFFICE OF KAREN LEE TORRE<br>51 ELM STREET, SUITE 307, NEW HAVEN, CT 06510 | JUNE 9, 2005<br>2:00 P.M. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for the plaintiff | MAY 31, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

KAREN LEE TORRE, 51 ELM STREET, NEW HAVEN, CT 06510  203.865.5541

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER MASSARO

V.

CIVIL NO.  3:03CV136 (SRU)

ALLINGTOWN FIRE DISTRICT, et al.


June 14, 2005

**RE-NOTICE OF DEPOSITION**

Jennifer L. Schancupp, Esq.          Michael A. Wolak, III, Esq.
Susman, Duffy & Segaloff, P.C.       Office of Corporation Counsel
P.O. Box 1684                        165 Church St., 4th Floor
New Haven CT 06507                   New Haven, CT 06510

Paul J. Dorsi, Esq.                  Morgillo & Flynn
Donahue, Votto & DeGennaro, P.C.     605 Washington Ave., Suite 5
415 Main Street                      North Haven CT 06473
West Haven CT 06516


PLEASE TAKE NOTICE that on Monday, June 20, 2005, at 2:00 p.m. at the Law

Offices of Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, Connecticut 06510 the

plaintiff Peter Massaro will take the deposition of **Charles Andreoli** before a proper authority.

You are invited to attend and cross-examine.

LAW OFFICES OF
KAREN LEE TORRE
51 ELM STREET SUITE 307
NEW HAVEN, CONNECTICUT 06510

TELEPHONE: (203) 865-5541
JURIS No. 416506

1

THE PLAINTIFF, PETER MASSARO

BY:

KAREN LEE TORRE
Fed. Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, Connecticut 06510
Tel. (203) 865-5541
Fax: (203) 865-4844

His Attorney

CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first-class mail this 31st day of May, 2005, to:

Attorney Jennifer Shancupp
Thomas E. Katon, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven CT 06507

Michael A. Wolak, III, Esq.
Office of Corporation Counsel
165 Church St., 4th Floor
New Haven, CT 06510

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven CT 06516

Morgillo & Flynn
605 Washington Ave., Suite 5
North Haven CT 06473

KAREN LEE TORRE

TELEPHONE: (203) 865-5541
JURIS No. 416506

LAW OFFICES OF
KAREN LEE TORRE
51 ELM STREET, SUITE 307
NEW HAVEN, CONNECTICUT 06510

2