UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| PETER MASSARO | : |
|  | : |
| V. | : CIVIL NO. 3:03CV00136 (EBB) |
|  | : |
| ALLINGTOWN FIRE DISTRICT, et al. | : JUNE 7, 2006 |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' MOTION TO COMPEL DEPOSITION

Plaintiff hereby opposes defendants' attempt to take his deposition or engage in other discovery at this end stage of proceedings. First, this action is three and a half years old. Second, pending before this court is defendants' Motion to Dismiss which, as the court is aware, was filed on the eve of the scheduled jury trial in this case which filing served to scuttle the scheduled jury selection. That motion has not yet met with a ruling.

The background of proceedings in this case shows that defendants, through their own fault, failed to undertake and complete discovery. While it is true that plaintiff's counsel agreed to allow defense counsel to take an untimely deposition of the plaintiff (scheduled for February 7, 2006), defense counsel canceled said deposition in the afternoon the day before. See February , 2006 letter from plaintiff's counsel to defense counsel (appended to defendants' memorandum of law - doc. #91, page 7).

1

In support of this belated attempt to conduct discovery at this stage, defense counsel cites an unrecorded teleconference with Judge Underhill which took place almost one year ago wherein Judge Underhill, on the issue of defense counsel's failure to complete discovery, is said to have stated, "just get it done." As defense counsel's May 18, 2006 affidavit states, the conference with Judge Underhill took place on July 29, 2005.

There is absolutely no excuse for defense counsel to have waited so long. and so far beyond the close of discovery, to take plaintiff's deposition. Moreover, defense counsel has caused enough inconvenience to the plaintiff and the court already; defense counsel should not be permitted to force counsel to engage in discovery at this stage. The taking of plaintiff's deposition will inevitably lead to a need of plaintiff's counsel to engage in responsive discovery.

Throughout the pendency of this action, defense counsel had a right to extend discovery or move to compel discovery but failed to do so. Now she seeks to reopen this case for the purpose of engaging in discovery when, as the background of this case shows, neither defendants nor their counsel are entitled to such relief and generosity, especially when they are now before the court seeking to terminate the litigation entirely.

WHEREFORE, for all of the foregoing reasons, plaintiff respectfully submits that the motion should be denied and the plaintiff reimbursed for his costs incurred in opposing same.

        THE PLAINTIFF,

        PETER MASSARO


BY:_____
    KAREN LEE TORRE
    Fed. Bar No. ct01707
    Law Offices of Karen Lee Torre
    51 Elm Street, Suite 307
    New Haven, Connecticut 06510
    Tel. (203) 865-5541
    Fax: (203) 865-4844

    His Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first-class mail this 7th day of June, 2006, to:

Jennifer L. Schancupp, Esq.
Thomas E. Katon, Esq.
Susman, Duffy & Segaloff, P.C.
P.O. Box 1684
New Haven, CT 06507

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven CT 06516


    _____
    Karen Lee Torre