UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER MASSARO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:03-CV-00136 (EBB) |
| | : | |
| ALLINGTOWN FIRE DISTRICT, et al., | : | |
|     Defendants. | : | |

RULING ON MOTION TO COMPEL DEPOSITION

Defendant filed a motion to compel the deposition of PETER MASSARO, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. The Motion to Compel Deposition [Doc. No. 90] is DENIED for the following reasons:

1) Per the Court's Order on January 21, 2003, discovery cutoff in this case was set for July 23, 2003.[1] Based on the parties' planning meeting and 26(f) Report, the Court extended the discovery deadline to June 30, 2004. After a status conference on June 25, 2004, Judge Underhill extended the discovery deadline to December 31, 2004. Plaintiffs then filed a motion for a 60-day extension of the discovery deadline, which was granted, extending the discovery deadline until February 28, 2005. Next, the Defendants filed a Motion for Extension of Time to complete discovery, representing to

---

[1] This case was initially before the Honorable Stefan R. Underhill. It was transferred to this Court by Order of Transfer dated November 14, 2005 [Doc. No. 65] for all further proceedings.

this Court that, among other things, they were attempting to take the Plaintiff's deposition. Defendants' Motion for Enlargement of Time was granted and the deadline was once again extended, this time to April 30, 2005. Defendants once again sought a discovery period extension to May 31, 2005, again claiming they were unable to take Plaintiff's deposition within the requisite time limit.

2) The month of May drew to a close with the Defendants yet to establish a date for taking the Plaintiff's deposition. At no point after Defendants' last Motion for Enlargement of Time was granted did the Defendants see fit to compel the Plaintiff's deposition as they do now.

3) The Defendants also failed to seek another discovery period extension, though no extensions of time have been denied to date in this case and the Defendants had no reason to suspect that such an extension would be denied.

4) Defendants assert that Judge Underhill informally extended the discovery deadline indefinitely during a telephonic status conference on July 29, 2005.[2] There are two problems with this argument. First, there is no record of any discovery period extension stemming from this conference. Defendants should have ensured the conference was being recorded, sought to memorialize this extension in writing with a Proposed Order outlining the

---

[2] Defendants argue that Judge Underhill stated, "just get it done," in response to concerns that discovery had not been completed.

extension, or should have formally filed a Motion seeking same with the Court. Second, the status conference took place fully two (2) months after the discovery period had elapsed.

5) The deadline for discovery, generously extended by the Court five (5) times in this matter, was May 31, 2005, almost a year prior to the filing of Defendants' Motion now before the Court.

SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, Connecticut, this 14th day of June, 2006.