UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER MASSARO,
       Plaintiff

v.           3:03-CV-00136 (EBB)

ALLINGTOWN FIRE DISTRICT,
et al.,
       Defendants.

## RULING ON MOTION TO DISMISS AND ON MOTION FOR ATTORNEY'S FEES

### INTRODUCTION

On January 21, 2003, Plaintiff Peter Massaro ("Plaintiff") filed this action against the Allingtown Fire District ("Fire District"), the Allingtown Board of Fire Commissioners ("Board"), Aaron M. Haley ("Haley") and Calvin M. DeLoatch ("DeLoatch"). Plaintiff alleges in his Complaint that the Defendants discriminated against him on the basis of his race and failed to promote him to the position of Allingtown Fire Chief. He alleges Defendants violated his rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as well as 42 U.S.C. §§ 1981 and 1983. In addition, Plaintiff asserts a violation of his rights under the Connecticut state constitution and section 46a-60(a) of the Connecticut Fair Employment Practices Act ("CFEPA").

This case was set for trial commencing February 14, 2006. On February 6, 2006, Defendants filed a motion with this Court to dismiss Plaintiff's Complaint for lack of subject matter

jurisdiction under Federal Rule of Civil Procedure 12(b)(1) with respect to the Title VII claims raised therein, and sought dismissal of Plaintiff's remaining federal and state claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] In Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opposition Memorandum", March 24, 2006), he withdraws his Title VII claims against all of the Defendants except the Fire District, all of his section 1983 claims except as against the Fire District and Board, as well as his federal and state constitutional due process claims. (Opposition Memorandum, p.19).

On March 27, 2006, Plaintiff filed a Motion for Order of Payment of Attorney's Fees [Doc. No. 80] due to the time period in which Defendants chose to file their Motion to Dismiss.

## STATEMENT OF FACTS

The Court sets forth only those facts pertinent to the issues raised in this Motion and the decision rendered on same. The facts

---

[1] While this Court recognizes Defendant's right to raise this Court's lack of subject matter jurisdiction at any time pursuant to FED. R. CIV. P. 12(b)(1) and Rule 12(h)(3), and may move on a plaintiff's failure to state a claim upon which relief can be granted at any time prior to judgment in the action pursuant to FED. R. CIV. P. 12(b)(6), the timing of this motion is suspect. Much time, effort and resources could have been conserved by the Court and the parties had the Defendants seen fit to raise these issues in the years preceding the February 14, 2006 trial date rather than eight days prior to trial. This Court does not find the Motion frivolous, however, and addresses Plaintiff's request for attorney's fees in the last section of this Order.

are extracted from the Complaint and from the parties' moving papers.

Plaintiff, a Caucasian male, was hired by the Fire District as a firefighter in 1978 and was promoted to the rank of Lieutenant in 1992. On or about April 1, 2001, the Fire District sought to appoint a new Fire Chief. The Fire District had a newspaper solicitation published, stating the selection criteria for the position, which , among other things, consisted of a Bachelor of Science degree. Plaintiff applied for the position on or about April 10, 2001.

The Allingtown Board of Fire Commissioners consists of three members who are charged with the duty of appointing a Fire Chief for the Fire District. At the time the allegations in the Complaint transpired, the Board consisted of Calvin M. DeLoatch, Aaron M. Haley and John Sampieri. Plaintiff contends that DeLoatch and Haley, both African-Americans, were determined to appoint an African-American to the position, regardless of credentials or experience.

Elmer Henderson, a former firefighter from New Haven and an African-American, applied for the position of Fire Chief of the Fire District. Henderson did not possess one of the criteria set forth in a newspaper article soliciting applications for the position of Fire Chief, namely a Bachelor of Science degree. DeLoatch and Haley worked together to alter the contents of the

solicitation, removing the degree requirement so that the Board could consider Henderson for the position. DeLoatch and Haley also worked to discredit John Sampieri, the third member of the Board, a Caucasian, in the community and sought to exclude him from the decision to appoint the new Fire Chief. DeLoatch and Haley coordinated with African-American community activists to create disturbances at public Board meetings and encouraged the belief in the community that Sampieri was a racist. When Sampieri was not present at a Board meeting held on or about June 3, 2001, DeLoatch and Haley appointed Henderson to the position of Fire Chief.[2]

**LEGAL ANALYSIS**

**I. Standard of Review**

**Federal Rule of Civil Procedure 12 (b)(1)**

When a court considers a motion to dismiss for lack of subject matter jurisdiction according to Rule 12(b)(1) of the Federal Rules of Civil Procedure, it must accept the material allegations

---

[2] Plaintiff alleges in Paragraph 4 of his Complaint that both Haley and DeLoatch "were at all times relevant to this complaint members of the Board of Fire Commissioners of Allingtown, and had complete power and control over the management and affairs of the Fire District, including management control over hiring and promotion . . ." and that Haley and DeLoatch were "acting under color of law." See Complaint, ¶4. Subsequently, Plaintiff alleges that DeLoatch was "not a lawful member of the board and was in fact rejected for election to the board by the voters. . . ." See Complaint, ¶21.

contained in the complaint as true. <u>Shipping Financial Services Corp. v. Drakos</u>, 140 F.3d 129, 131 (2d Cir. 1998)(citations omitted). Plaintiff must make an affirmative showing of jurisdiction, however, and "that showing is not made by drawing inferences favorable to the party asserting it." <u>Drakos</u>, 140 F.3d at 131 (citing <u>Norton v. Larney</u>, 266 U.S. 511, 515 (1925)). When a defendant seeks to challenge subject matter jurisdiction, the parties may present evidence, such as affidavits, for the court to consider. <u>Kamen v. American Telephone & Telegraph Co.</u>, 791 F.2d 1001, 1011 (2d Cir. 1986). The motion may not be converted, however, into one for summary judgment, though the court may look to Rule 56 for guidance on discovery of additional matters regarding jurisdiction. <u>Gualandi v. Adams</u>, 385 F.3d 236, 244 (2d Cir. 2004). When Congress does not specifically tie a restriction of the scope of a statute to a court's subject matter jurisdiction, "courts should treat [such a] restriction as nonjurisdictional in character." <u>Arbaugh v. Y&H Corp.</u>, 126 S. Ct. 1235, 1237 (2006).

**Federal Rule of Civil Procedure 12 (b)(6)**

Pursuant to a Rule 12(b)(6) analysis, the Court takes all well-pleaded allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff. <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996). A complaint should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." Lyons v. Legal Aid Society, 68 F.3d 1512, 1514 (2d Cir. 1995)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957))(Federal Rules reject approach that pleading is a game of skill in which one misstep by counsel may be decisive of case).

"When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint . . ., matters of which judicial notice may be taken . . . , or documents in the plaintiff['s] possession or of which plaintiff[] had knowledge and relied upon on bringing suit." Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993). When a party submits additional evidence to the Court in connection with a motion to dismiss, the Court must convert the motion to dismiss into a motion for summary judgment or exclude the extraneous documents from consideration. See Fed. R. Civ. P. 12(b); Fonte v. Board of Managers of Continental Towers Condominiums, 848 F.2d 24, 25 (2d Cir. 1988).

## II. Standard as Applied

### A. Title VII and Subject Matter Jurisdiction

Defendants specifically seek review of Plaintiff's Title VII claims under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, citing this Court's lack of subject matter jurisdiction over these claims. Plaintiff conceded in his Objection and Memorandum of Law in Opposition to Defendants' Motion

to Dismiss ("Opposition Memorandum"), that he is "well aware that there is no individual liability under Title VII and that the cause of action must be against the employer" only, and that the employer for purposes of his Title VII claim is the Allingtown Fire District.  See Opposition Memorandum, p.18.  He also cites to caselaw from Defendants' Memorandum in Support of Motion to Dismiss ("Memorandum") to further bolster the withdrawal of his claim against the individual defendants. Tomka v. Siler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995), abrogated on other grounds, Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998)(no individual liability exists under Title VII for agents of employer). Accordingly, Plaintiff has withdrawn all of his Title VII claims against Defendants except for his claim against the Fire District. Those claims are therefore dismissed and Defendants' Motion to Dismiss is granted as to those claims.

With respect to Plaintiff's Title VII claim against the Fire District, Plaintiff and Defendants spend much time in their briefs discussing whether the position Plaintiff sought, namely the position of Allingtown Fire District Fire Chief, was one that fell within the definition of "employee" under Title VII, or is exempted from that definition, making Title VII inapplicable in this case. The relevant portion of the statute states:

The term 'employee' means an individual employed by an employer, except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by

7

such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.

42 U.S.C. § 2000e(f) (2003). Defendants attached several exhibits to their Memorandum, designed to bolster their position on this issue, namely, the Rules and Regulations of the Allingtown Fire District, as well as an excerpt from the 1939 Connecticut Special Acts Appendix. These documents outline the Fire District's powers and the Board of Commissioners' role in appointing a Fire Chief. Defendants claim that if the position of Fire Chief does not meet the definition of "employee," Title VII will be inapplicable and this Court will not have subject matter jurisdiction to hear Plaintiff's claim.

According to a recent ruling issued by the Supreme Court, this court cannot consider the "employee" definition to be jurisdictional in nature, as the Defendant urges in his Memorandum. See Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1237 (2006). In Arbaugh, the plaintiff filed a sexual harassment claim under Title VII in federal court against her former employer. Arbaugh, 126 S. Ct. at 1238. Defendant filed a motion to dismiss Plaintiff's claim for lack of subject matter jurisdiction, arguing that he was not an employer as statutorily defined by Title VII because he did not have the required "fifteen or more employees." Id. at 1239; see 42 U.S.C. § 2000e(b) (2003).

8

The Supreme Court noted that the employee-numerosity requirement is found at 42 U.S.C. §2000e(b), an entirely separate section of the statute than the jurisdictional requirements for bringing a Title VII claim, namely 42 U.S.C. §2000e-5(f)(3). Id. at 1245. Citing with approval a similar Second Circuit case, Da Silva v. Kinsho International Corp., 229 F.3d 358 (2d Cir. 2000), the Court found that, if Congress intended to make a threshold fact determination also to be a jurisdictional one, it must say so. Id. Where Congress has not spoken on such threshold determination, courts should treat such determinations as nonjurisdictional in nature. Id.

This Court, therefore, will not view the motion as one advocating dismissal for lack of subject matter jurisdiction. Instead, it will consider the challenge as one under Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief may be granted, as Defendants argue in their Reply Memorandum. See Reply Memorandum, p.3, n.1. This Court cannot consider the exhibits attached to the Defendants' Motion to Dismiss without giving both parties the opportunity to submit further material. Fed. R. Civ. P. 12(b)(6); see Kopec v. Coughlin, 922 F.2d 152 (2d Cir. 1991)(district court erred when it converted motion to dismiss into motion for summary judgment and failed to give nonmovant notice or opportunity to submit material to rebut movant's arguments). The Court shall convert the motion to one for

summary judgment pursuant to Federal Rule of Civil Procedure 56, as Defendants (and Plaintiff) cite to documents outside the pleadings in support of their arguments. Coughlin, 922 F.2d at 155.

**B. Title 42 of the United States Code, Sections 1981 and 1983**

Plaintiff cites to sections 1981 and 1983 of Title 42 of the United States Code in his Complaint, claiming the Defendants failed to afford him equal protection in violation of his constitutional rights. See Complaint, ¶¶ 1, 20. Section 1983 is a statutory "vehicle for remedying violations of federal statutes as well as constitutional violations[.]" Chan v. City of New York, 1 F.3d 96 (2d Cir. 1993); see Maine v. Thiboutot, 448 U.S. 1 (1980). Pursuant to the Fourteenth Amendment, "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

In their Memorandum, Defendants make several arguments against each of Plaintiff's section 1981 and section 1983 claims. See Memorandum, pp.11-17. The only arguments Plaintiff rebuts in this portion of his Opposition Memorandum are the section 1983 claims against the Board and the Fire District. See Opposition Memorandum, pp.12-18. Further, Plaintiff denies that he makes any claims against Haley and DeLoatch in their official or individual capacities, citing specifically to the portion of Defendants' Memorandum in which Plaintiff's section 1983 equal protection

claims against Haley and DeLoatch are discussed.[3]

When a plaintiff's specific claim is attacked in a motion to dismiss, a plaintiff must rebut the defendant's argument against that claim or it shall be deemed abandoned. <u>Hanig v. Yorktown Central School District</u>, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) (where plaintiff failed to oppose defendant's argument to dismiss her section 1983 claim, claim deemed to be abandoned); <u>Omar S. v. Connecticut Dept. of Children and Families</u>, No. 3:02CV429, 2003 WL 1740672 at *2, n.5 (D. Conn. Mar. 24, 2003)(plaintiff only addressed defendant's opposition to his federal claims, and failed to advocate his state law claims, thus state law claims were effectively abandoned). Accordingly, the Court must treat Plaintiff's other claims under section 1981 and section 1983 as abandoned and they are hereby dismissed.

With respect to Plaintiff's section 1983 equal protection claim against the Board, Defendants cite to <u>Hayden v. County of Nassau</u>, 180 F.3d 42, 48 (2d Cir. 1999), for the proposition that Plaintiff has failed to assert that a government actor intentionally discriminated against him on the basis of race.

---

[3] Specifically, Plaintiff states, "the motion for dismissal, as it relates to the individual defendants, <u>see</u> Def.'s Memo. at pp. 13-14 (respecting claims against the individuals in their individual capacity) is likewise unnecessary as is the motion to dismiss claims against them in their official capacities because no such capacity is asserted." <u>See</u> Opposition Memorandum, p.19. Pages 13 through 14 of Defendants' Memorandum specifically address Plaintiff's section 1983 claims against Haley and DeLoatch in their individual capacities.

Pursuant to Rule 12(b)(6), the Court shall draw and view all reasonable inferences in a light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6). In County of Nassau, the court describes a situation in which a plaintiff may have a claim if she alleges a facially neutral policy "was motivated by discriminatory animus and its application results in discriminatory effect," or a facially neutral policy that "is applied in a discriminatory fashion." County of Nassau, 180 F.3d at 48.

Plaintiff stated in his Complaint, and reiterates in his Opposition Memorandum, *inter alia*, that Defendants DeLoatch and Haley orchestrated a vote of the Board so that Sampieri, the third Board member, was not present, which enabled them to appoint an African-American to the position of Fire Chief. See Complaint at ¶17; Opposition Memorandum at pp.14-15. Plaintiff also alleges that DeLoatch and Haley, as the Board, changed the hiring criteria so that they could appoint Henderson, the African-American candidate, thereby abandoning the long-standing practice of appointing a Fire Chief from within the Fire District. As the Board consists of three (3) members, and one was absent, Haley and DeLoatch acted as the Board when they appointed Henderson.

Factually, there is one concern. In Plaintiff's Complaint, he states that DeLoatch and Haley acted as the Board when they appointed Henderson as Fire Chief. See Complaint, ¶4. Plaintiff also alleges, however, that DeLoatch was "not a lawful member of

12

the [B]oard and was in fact rejected for election to the [B]oard by the voters in the Allingtown Fire District." See Complaint, ¶21. This calls into question whether DeLoatch and Haley were in fact "the Board" and acting on behalf of the District when they appointed Henderson.

Bearing in mind the standard of review for a motion to dismiss pursuant to Rule 12(b)(6), it is not "beyond doubt" that Plaintiff can prove a "set of facts in support of his claim which would entitle him to relief." Lyons v. Legal Aid Society, 68 F.3d 1512, 1514 (2d Cir. 1995). Additionally, the Federal Rules have long allowed inconsistent or alternative pleading. Federal Rule of Civil Procedure 8(e)(2) states:

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically . . . [and] [w]hen two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.

Fed. R. Civ. P. 8(e)(2). Accordingly, this Court shall not require dismissal of the Plaintiff's claim against the Board.

With respect to Plaintiff's section 1983 claim against the Fire District, Defendants argue that it is based impermissibly on the doctrine of *respondeat superior*, because the Plaintiff has not alleged a specific discriminatory policy or custom of the municipality that was implemented against him. Defendants cite to Monell v. Department of Social Services, 436 U.S. 658 (1978), in support of this proposition.

13

Since the ruling in <u>Monell</u>, however, the Supreme Court has established that, while there may be no *respondeat superior* liability under section 1983, a single discriminatory act by a municipal body or officer with final decisionmaking authority may hold the municipality liable.  <u>See</u> <u>St. Louis v. Praprotnik</u>, 485 U.S. 112 (1988); <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469 (1986).[4]

In <u>Praprotnik</u>, a plurality of the Supreme Court set forth four requirements which must be met so that a single act may suffice to establish a municipal policy which is unconstitutional.  First, it must be an act which the municipality has "officially sanctioned or ordered."  Second, only officials with "final policymaking authority" may subject the municipality to liability through their actions.  Third, state law determines whether an official or panel has final authority. Fourth, the act must have been taken "pursuant to a policy adopted by the official or officials responsible under state law for making policy *in that area* of the city's business." <u>Praprotnik</u>, 485 U.S. at 123(citing <u>Pembaur</u>, 475 U.S. at 480-83 (emphasis in original)).

---

[4] The Second Circuit has agreed with this rationale, stating that when official action is taken by a municipality "[i]t is not necessary . . . for plaintiffs to prove that a municipality has followed a particular course of action repeatedly in order to establish the existence of a municipal policy; rather, a single action taken by a municipality is sufficient to expose it to liability." <u>Amnesty America v. Town of West Hartford</u>, 361 F.3d 113, 125 (2d Cir. 2004).

In the case at bar, the Board's act of appointing Elmer Henderson to the position of Fire Chief meets the four criteria enumerated by a plurality of the Supreme Court. First, according to state statute, the Board of Fire Commissioners is expressly charged with appointing all positions within the Fire Department. See Conn. Gen. Stat. § 7-301 (1999). Second, the elected Board is the policymaking authority for the Fire District on appointed positions.[5] Third, Connecticut law states as such, as outlined in section 7-301 of the Connecticut General Statutes. Fourth, the Board is the policymaking authority for the area of appointing, disciplining and removing persons within the Fire Department. In further support of the Board's authority, Defendants do not dispute Plaintiff's statement in his Complaint that the Board "had complete power and control over the management and affairs of the Fire District."[6] See Complaint, ¶4.

Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted is therefore denied as to Plaintiff's section 1983 claim against the Board and against the

---

[5] "The . . . Board of Fire Commissioners may make regulations for the conduct of the fire department, and may appoint, discipline and remove for cause shown all employees of the department and purchase supplies and equipment necessary for its operation. . . ." Conn. Gen. Stat. §7-301 (1999).

[6] Defendants only take issue with one portion of the Board's authority, namely whether it acted pursuant to the City Charter of West Haven. That argument is inapposite to the issue discussed above.

Fire District. All other claims pursuant to section 1983 and section 1981 have been either withdrawn or abandoned by the Plaintiff. Defendants' Motion to Dismiss as to those claims is therefore granted.

**C. Due Process**

In his Complaint, Plaintiff claims that Defendants violated his right to due process guaranteed by the United States and Connecticut constitutions. In his Opposition Memorandum, he withdraws those due process claims as he "did not intend to pursue those at trial." See Opposition Memorandum, p.19. Accordingly, Plaintiff's due process claims are dismissed and Defendants' Motion to Dismiss as to those claims is therefore granted.

**D. State Law and State Constitutional Claims**

Plaintiff initially asserted state law claims arising under the state constitution and state statutes, namely Connecticut General Statute § 46a-60(a)(a) [sic] et seq.[7] Plaintiff fails to address his state law claims in his Opposition Memorandum, save in one footnote, in which he states, "[f]or the foregoing reasons,

---

[7] Plaintiff fails to cite to a specific provision of the Connecticut constitution in his Complaint. This omission alone seems to constitute a failure to state a claim, and requires that the claim be dismissed. D.F. ex rel. Finkle v. Board of Education of Syosset Cent. School Dist., 386 F. Supp. 2d 119, 129 (E.D.N.Y. 2005)(where plaintiff failed to specify provision of New York constitution in his complaint, insufficient pleading to withstand motion to dismiss).

16

Defendant's argument with respect to Plaintiff's pendent state claims . . . need not be addressed." See Opposition Memorandum, p.19. This footnote accompanied a paragraph in which the Plaintiff withdrew his section 1983 claims against individual defendants Haley and DeLoatch, his due process claim, and all of his Title VII claims except as against the Fire District. The Court must assume that Plaintiff sought to withdraw his state law claims from this action as well. Moreover, even if this is not what the Plaintiff intended with his ambiguous footnote, by failing to address Defendants' arguments on these points, Plaintiff has abandoned his pendent state law claims. See supra Hanig, 384 F. Supp. 2d at 723. Defendants' Motion to Dismiss as to those claims is therefore granted.

**E. Punitive Damages**

Plaintiff seeks punitive damages in his Complaint against Defendants. As stated above, Plaintiff has either abandoned or withdrawn his state claims and all of his claims, state and federal, against the individually named Defendants, Haley and DeLoatch. The only remaining claims in this action are: (1) a Title VII claim against the Fire District; (2) an equal protection claim pursuant to 42 U.S.C. §1983 against the Fire District; and (3) an equal protection claim pursuant to 42 U.S.C. §1983 against the Board. Pursuant to Connecticut statute, "'Municipality' includes each . . . fire, sewer and other district. . . ." Conn.

Gen. Stat. § 7-303 (1999). It is well established that municipalities cannot be liable for punitive damages under section 1983. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247 261 n.21 (1981); Ivani Contracting Corp.v. City of New York, 103 F.3d 257, 262 (2d Cir.), cert. denied, 520 U.S. 1211 (1997); Looby v. City of Hartford, 152 F. Supp. 2d 181, 191 (D. Conn. 2001). Accordingly, there can be no punitive damages awarded in this case and Plaintiff's request for them in this action is hereby dismissed.

**F. Plaintiff's Motion for Order of Payment of Attorney Fees**

As Plaintiff's Motion for Order of Payment of Attorney Fees pertains directly to Defendants' filing this Motion to Dismiss currently before the Court, the Court shall also address Plaintiff's Motion here. Plaintiff asserts that the Motion to Dismiss filed by Defendants is "wholly frivolous" and is thus subject to sanctions pursuant to 28 U.S.C. § 1927. That section states as follows:

Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (1994). Regarding this statute, the Second Circuit has stated, "we have declined to uphold awards under the bad-faith exception absent . . . 'clear evidence' that the challenged actions 'are entirely without color, **and** [are taken] for

18

reasons of harassment or delay or for other improper purposes.'" Oliveri v. Thompson, 803 F.2d 1265, 1274 (2d Cir.1986), cert. denied, 480 U.S. 918,(1987)(emphasis added)(quoting Dow Chemicals Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344 (2d Cir. 1986) (citations omitted)). Clearly, this is not the case here. Defendants filed their Motion to Dismiss at a late date in the proceedings, and have caused inconvenience to the Court and the parties, but in no way do Defendants' counsel's actions rise (or fall, depending on how one views it) to the level of conduct outlined in Oliveri. Defendants' Motion had merit, as Plaintiff withdrew some of his claims from his Complaint and this Court has seen fit to dismiss some of the claims as well. Accordingly, the Plaintiff's Motion is denied.

## CONCLUSION

For each of the reasons set forth herein, Defendants' Motion to Dismiss [Doc. No. 69] shall be, and hereby is, GRANTED IN PART AND DENIED IN PART. The remaining claims in this action are: (1) a Title VII claim against the Fire District; (2) an equal protection claim pursuant to 42 U.S.C. § 1983 against the Fire District; and (3) an equal protection claim pursuant to 42 U.S.C. § 1983 against the Board. Plaintiff and Defendants are hereby directed to file memoranda for the Court's consideration on the issue of summary judgment as to Plaintiff's Title VII claim against the Fire District on or before thirty days from the date of this

Order.

Further, Plaintiff's Motion for Order of Payment of Attorney's Fees [Doc. No. 80] is also hereby DENIED.

SO ORDERED

/s/ Ellen Bree Burns
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut, this 15th day of June, 2006.